243 P.2d 457

**KEEFER v. LAVENDER.**

No. 5284.

Supreme Court of Arizona.

April 21, 1952.

Frank J. Duffy, of Phoenix, for appellant. Kenneth C. Chatwin, of Phoenix, for appellee.

STANFORD, Justice.

Appellee, R. A. Lavender, brought this action to foreclose and affix a mechanic's lien on the property of Anna Keefer, appellant. The lower court found the lien had not been perfected but entered a personal judgment against appellant. Appellant now appeals from that judgment.

Appellant contends the court did not have jurisdiction to render a personal judgment after it found there was no lien. Appellant cites Harbridge v. Six Points Lumber Co., 17 Ariz. 339, 152 P. 860, 863, from which we quote:

"* * * Nowhere in the chapter relating to the liens of mechanics, laborers, and others can be found any provision authorizing a personal judgment against the owner of the property, in the absence of a showing that there were contractual relations existing between the plaintiff and the defendant against whom the personal judgment is sought. *There must be a contractual relation established between the owner of the property on which a lien is claimed and the lienor to support a personal judgment against the owner of the property in an action for the foreclosure of the lien.* * * *" (Italics ours.)

Appellee argues that a contractual relationship was established and also cites the above-quoted portion of the Harbridge case, supra, to support his contention that the court had the requisite jurisdiction to enter a personal judgment in his favor. The issue for determination, therefore, is whether a contractual relationship has been established.

Appellee, an electrical contractor, was engaged by one W. M. Hoel, appellant's general contractor, to do certain electrical work on appellant's property. Appellee performed the work and submitted a statement to Hoel for payment. Hoel refused payment and after unsuccessful demands upon appellant, appellee filed a lien on the premises. Appellant claims she paid Hoel for the total cost of the job and that the amount due appellee was included in that total. The lower court found the lien was not perfected but gave appellee a personal judgment against appellant.

The rule laid down in 36 Am.Jur., Mechanics' Liens, Sec. 283, p. 172, adequately states the law on this issue:

"The great weight of authority seems to be to the effect that in an action to foreclose a mechanic's lien, a personal judgment may be rendered against a party to the action who is personally liable, in addition to a judgment foreclosing the lien. Although there are cases to the contrary, this is generally held true even where the lien fails. *The right to such a judgment is dependent on a contractual relation being shown between the plaintiff and the defendant against whom the personal judgment is sought.*

So, there must be a contractual relation established between the owner of property on which lien is claimed and the lienor to support a personal judgment against the owner in an action for the foreclosure of the lien. * * *" (Italics ours.)

 Appellee's complaint alleges Hoel was the "agent and general contractor" of appellant. Upon the trial of the cause the two terms, agent and general contractor, were used interchangeably. No attempt was made to distinguish whether Hoel was an agent *or* a general contractor. Our lien statute, 62–201, A.C.A. 1939, provides a special remedy available to mechanics, materialmen and laborers which is not dependent upon privity of contract with the property owner. The general contractor is made a statutory agent of the property owner for the sole purpose of securing the lien rights of the workmen, etc. The agency does not extend any further. It was incumbent upon appellee in the trial of the cause to establish Hoel's agency. If Hoel were a general contractor, the statutory agency imposed upon him by the lien statute would not alone create a contractual relationship between appellee and appellant. The lower court found that Hoel was a general contractor and not an agent. We quote from the reporter's transcript, page 32:

"The Court: "You indicated, Mr. Duffy, that there was some question of agency involved here. It is the Court's view, unless you can convince the Court otherwise, that regardless of Mrs. Keefer paying Mr. Hoel, *her contractor,* the sum of $160, she is still responsible for the $186. The Court's view is that if she paid her *general contractor.* without his showing a receipt that he had paid Mr. Lavender, that she is still responsible." (Italics ours.)

This court must assume that the trial court found, in addition to facts expressly found, additional facts necessary to sustain the judgment, if they are reasonably supported by the evidence and *not in conflict with the express findings.* To affirm the judgment of the lower court, this court would have to assume that the lower court found that Hoel was appellant's agent and that a contractual relationship existed between appellee and appellant through that agency. We cannot assume those findings as the express finding of the court that Hoel was appellant's general contractor is in direct conflict. The judgment of the lower court was based on the theory that even though Hoel was appellant's general contractor and not her agent that appellant was nevertheless liable personally to appellee. The judgment may not be sustained on that theory.

There is no reasonable evidence to support the judgment of the lower court and therefore the judgment is reversed.

Judgment reversed.

UDALL, C. J., and PHELPS, DE CONCINI, and LA PRADE, JJ., concurring.