418 P.2d 129

**Paul GLITSOS and Stella Glitsos, Appellants,**

**v.**

**Frank KADISH, dba Standard Glass, Appellee.**

**No. I CA–CIV 228.**

Court of Appeals of Arizona.

Sept. 6, 1966.

Alan Philip Bayham, Phoenix, for appellants.

Christy, Kleinman, Hoyt & Fuller, by Conrad J. Kleinman, Phoenix, for appellee.

CAMERON, Judge.

This is an appeal from judgment against the defendant below, appellants herein, in the amount of $681.46, plus costs.

We are called upon to determine whether the doctrine of promissory estoppel may be applied to an agreement between the parties whereby the appellee, Kadish, refrained from bringing a suit to foreclose a materialman's lien on appellants' property in reliance upon appellants' promise to pay a sum of money to Kadish.

After numerous pleadings by various parties, the matter was submitted to the

court, sitting without a jury, on a stipulated statement of facts:

The pertinent paragraphs in the stipulation are as follows:

"3. That the said Frank Kadish did file a labor and materialman's lien against the property belonging to the third party claimants for the sum of $681.46 which lien was timely and properly filed and served.

"4. That thereafter and before said lien was foreclosed the said Frank Kadish contacted the said Paul Glitsos who promised to pay to Frank Kadish said sum of $681.46.

"5. That after said promise was made and in reliance thereon the said Frank Kadish took no further action toward foreclosing his said lien by court action."

\* \* \* \* \* \*

"It is further stipulated that the court may upon the foregoing facts, and the law which will be submitted hereafter by the parties hereto determine the issues between the parties, Frank Kadish and Paul Glitsos and Stella Glitsos."

Appellants Paul and Stella Glitsos were the owners of the property on which the lien for said labor had been filed.

Appellants contend that Kadish, the lienor, having failed to foreclose his lien has no cause of action against the appellants for the reason that the foreclosure of the lien is the lienor's exclusive remedy. Appellants point out that there was no contractual relationship between appellants and Kadish before the materials were furnished and labor was performed on the buildings. The complaint of the plaintiff alleges the material was furnished at the request of the subcontractor and not the appellants-owners of the property. Appellants cite Arizona cases which hold that there must be a contractual relationship between the owner of the property liened and the one asserting the lien if the property owner is to be subjected to a personal judgment. Keefer v. Lavender, 74 Ariz. 24, 243 P.2d

457 (1952); Harbridge v. Six Points Lumber Co., 17 Ariz. 339, 152 P. 860 (1915).

We have no quarrel with the proposition of law cited by appellants, but it is a Non-sequitur and not applicable to the case at bar. The matter was submitted to the trial court on an agreed statement of facts. Our rules state:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure so to amend does not affect the result of the trial of these issues." 15 (b), Rules of Civil Procedure, 16 A.R.S.

And our Supreme Court has recently stated:

"When evidence is presented at trial which presents a new or different theory from that alleged in the pleadings, and the adverse party does not object to the introduction thereof, that issue is then tried by implied consent." Electrical Advertising, Inc. v. Sakato, 94 Ariz. 68, 71, 381 P.2d 755, 757 (1963).

Limited as we are in this case by the stipulated statement of facts and confining ourselves to the actions of the parties recited therein, it appears that while Kadish forbore further action in foreclosing his lien, that this forbearance was not a quid pro quo, the result of a bargain or express agreement by the parties thereto. It would therefore appear that there was a lack of consideration for appellant Glitsos' promise to pay. Consideration like any other part of a contract must be the result of agreement. Yuma National Bank of Yuma v. Balsz, 28 Ariz. 336, 237 P. 198 (1925). It is our holding, however, that Glitsos should be estopped to deny liability by showing lack of consideration. Kadish's forbearance may not

have been in "consideration" of appellants' promise to pay, but he certainly forbore "in reliance upon" appellants' promise to pay. The distinction, though narrow, is the difference between valid consideration on the one side, and estoppel on the other, which, when the ends of justice so dictate, is a substitute for consideration.

Our courts have stated that there are 3 elements to equitable estoppel (commonly called simply estoppel):

1. Action inconsistent with the claim afterward relied upon.
2. Action by adverse party on faith of such conduct.
3. Injury to the adverse party resulting from repudiation of such conduct.

Cashion Gin Co. v. Kulikov, 1 Ariz.App. 90, 399 P.2d 711 (1965), Decker v. Hendricks, 97 Ariz. 36, 396 P.2d 609 (1964). " * * * Promissory estoppel * * * differs from equitable estoppel in that it rests on a promise to do something in the future, while the latter rests on a statement of present fact * * * " 31 C.J.S. Estoppel § 59c, page 375.

Our Supreme Court has adopted the doctrine of promissory estoppel as it is set forth in § 90 of the Restatement of the Law of Contracts. Waugh v. Lennard, 69 Ariz. 214, 211 P.2d 806 (1949); Weiner v. Romley, 94 Ariz. 40, 381 P.2d 581 (1963):

"A promise which the promissor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promissee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." Restatement, Contracts, § 90.

Applying the law to the facts in the instant case, the appellants promised Kadish that appellants would pay Kadish the amount of $681.46 and thereafter Kadish relied on such promise by allowing the six month period to run without suing to foreclose as required by the statute (33–998 A.R.S.). Kadish, on the faith of the promise, gave up a valuable right to his detriment. We feel that to allow appellants to avoid this debt after inducing Kadish to forbear in foreclosing his lien would result in an apparent and manifest injustice to Kadish and the trial court was clearly correct in enforcing appellants' promise to pay. As has been stated:

"The remedy of estoppel has for its purpose the promotion of the ends of justice, and the doctrine is grounded on equity and good conscience. It is based on the grounds of public policy and good faith, and is interposed to prevent injury, fraud, injustice, and inequitable consequences by denying to a person the right to repudiate his acts, admissions, or representations, when they have been relied on by persons to whom they were directed and whose conduct they were intended to and did influence." 31 C.J.S. Estoppel § 63, pages 392–394.

Judgment affirmed.

STEVENS, C. J., and DONOFRIO, J., concur.