· 453 P.2d 526

Samuel X. COSTANZO, Appellant,

v.

Travis Tex STEWART, Appellee.

No. I CA–CIV 843.

Court of Appeals of Arizona.

April 24, 1969.

Rehearing Denied June 3, 1969.

Samuel L. Costanzo, Phoenix, for appellant.

Moore & Moore, by Robert C. Moore, Phoenix, for appellee.

KRUCKER, Judge.

Travis Stewart, plaintiff below, here appellee, filed suit for the value of work done on the Costanzo home, naming the following defendants. First, plaintiff sued Strong Asphalt Sealcoating, Inc., contractor, for breach of a subcontracting contract, and Jim and Verna Nugent, mother and son, as alter egos of the above corporations, for breach of contract. Plaintiff sued Milton Husky, Treasurer of the State of Arizona, on the corporation's contractor's bond. Lastly, he sued appellant, Samuel Costanzo, for unjust enrichment to his property due to the completed subcontracting work. The plaintiff won his judgment

against the corporation with interest. A directed verdict in favor of the defendants Nugent was had. The cause was dismissed with prejudice as to the State Treasurer. Also, judgment was ordered against appellant Costanzo. A motion by Costanzo to amend the judgment was heard and denied. Costanzo appeals from the judgment and the denial of his motion to amend.

Plaintiff is a subcontractor who installs curbing, gutters, and sidewalks. Having done one project for Jim Nugent, he verbally agreed to do the job in question. He also spoke to the property owner, Mr. Costanzo, who assured him the money for the job was in escrow and that he would write a check to him and Jim Nugent when the job was finished and passed by City Inspectors. The job was completed and inspected, and a check from Nugent to plaintiff was written. The check was deposited and not honored. Plaintiff made several efforts to get payment from both Jim Nugent and Costanzo, but without success.

No mechanics' lien was filed prior to the bringing of this action. The corporation is bankrupt. The federal government has a withholding and income tax lien on the corporation bond. The Nugents are no longer in the state. Costanzo has paid no one anything for the work done, valued at $2,123.56, plus interest.

The initial question for determination raised by plaintiff is whether a timely appeal has been made. The time sequence of events is as follows:

| | |
|---|---|
| July 21, 1967 | Judgment entered |
| July 31, 1967 | Motion to amend judgment |
| October 13, 1967 | Formal order denying motion to amend (Minute entry was October 9, but the judge set the denial date as the date of the formal order |
| December 11, 1967 | Notice of appeal "from judgment of October 13" |
| December 27, 1967 | Amended notice of appeal from "judgment entered on July 21, and order of October 13" |

Parties have sixty days to appeal from a judgment or entered order. 16 A.R.S. Rule 73(b). From the dates above, and reading the December 11th notice as appealing from the October 13th proceeding, defendant has met the time requirement. However, denials of motions to amend a judgment under Sahlin v. American Casualty Company of Reading, Pa., 5 Ariz. App. 126, 423 P.2d 897 (1967), vacated on other grounds, 103 Ariz. 57, 436 P.2d 606 (1968), are not appealable. The theory is that motions which do not raise new issues are not appealable because the more appropriate route is to appeal from the judgment itself. In this case the motion substantively only asked to change the result. The question then becomes, was the defendant within the limits of time to appeal from the judgment?

Rule 73(b) does extend the time from which one begins to count the sixty days, upon the final order (iii) granting or denying the motion under Rule 59($l$) to amend the judgment. This means one begins to count from October 13. This is despite the general rule that one takes the Minute Entry date, here October 9, because in this case the judge specifically conditioned his order on the formal order. The notice of appeal filed December 11 is within the limit from October 13 if that notice can be read to appeal from a judgment, not the order. The wording of the notice uses the word "judgment", not "order", but indicates the date of the order. In light of

the later amended notice, it appears the party meant to appeal from the judgment, but inappropriately listed the order date. In light of the valid extension of time to that date, we find the appeal is perfected as required.

Defendant Costanzo makes three general allegations of error: (1) A mechanics' lien is plaintiff's sole remedy; (2) No action for unjust enrichment has been stated; and (3) The judgment is not supported by the evidence.

■ Defendant's initial contention is erroneous. A mechanics' lien is:

. "'* * * a charge or encumbrance upon property to secure the payment or performance of a debt, duty, or other obligation. It is distinct from the obligation which it secures.'" Matlow c. Matlow, 89 Ariz. 293, 361 P.2d 648 (1961).

In Keefer v. Lavender, 74 Ariz. 24, 243 P. 2d 457 (1952), in an action to foreclose a lien, the lower court held the lien was not perfected but entered a personal judgment against the property owner. In reversing on evidentiary grounds, the Supreme Court stated the applicable rule.

"The rule laid down in 36 Am.Jur., Mechanics' Liens, Sec. 283, p. 172, adequately states the law on this issue:

'The great weight of authority seems to be to the effect that in an action to foreclose a mechanic's lien, a personal judgment may be rendered against a party to the action who is personally liable, in addition to a judgment foreclosing the lien. Although there are cases to the contrary, this is generally held true even where the lien fails. *The right to such a judgment is dependent on a contractual relation being shown between the plaintiff and the defendant against whom the personal judgment is sought.*

So, there must be a contractual relation established between the owner of property on which lien is claimed and the lienor to support a personal judgment against the owner in an action for the foreclosure of the lien. * * *'" (Emphasis supplied) 74 Ariz., at 25–26, 243 P.2d at 458

Clearly, a personal judgment is available against defendant if proven. That a materialmen's lien is an exclusive remedy has been denied in other contexts as well. Glitsos v. Kadish, 4 Ariz.App. 134, 418 P. 2d 129 (1966) (forbearance of exercising lien for promise to pay held a valid agreement on doctrine promissory estoppel between landowner and materialmen); United States Fidelity and Guaranty Co. v. Hirsh, 94 Ariz. 331, 385 P.2d 211, (1963) (materialman can sue on contractor's license bond and on lien for excess); Porter v. Eyer, 80 Ariz. 169, 294 P.2d 661 (1956) (materialman can sue on contractor's completion bond).

Defendant's next allegation is that no personal judgment for unjust enrichment will lie because:

(a) No privity existed between plaintiff and defendant;

(b) The statute of limitations had run;

(c) Plaintiff is guilty of laches;

(d) The Statute of Frauds has not been complied with.

■■ It has long been the law that restitution is available for services to and for affixation of chattels to land yielding benefit to another. In the Restatement of Restitution § 40, the authors state:

"The same result follows where a person accepts services from another, having reason to know that the other is under a belief that the recipient or a third person has promised a compensation or is otherwise under duty to pay for them. In both cases the recipient is liable for the reasonable value of the services irrespective of their value to him." Restatement of Restitution § 40, at 159.

The trial court found, and the testimony shows, that defendant knew plaintiff was concerned about his payment and he as-

sured him escrow arrangements had been made. These facts established a good case for restitution.

 Defendant claims the Statute of Limitations has run assuming arguendo the right to restitution is shown. He claims the period of limitation is the same as that for a mechanics' lien, sixty days for subcontractors. Here, the suit was filed approximately eight months after the work was completed. Since the present action is not one to establish a lien, but to effect a personal judgment, we follow the general rule:

"Ordinarily, the statutory period for a quasi-contractual cause of action is the same as for a cause of action based upon an oral contract." Restatement of Restitution § 148, at 593.

In Arizona, the Statute of Limitations for an indebtedness not evidenced by a written contract is three years. A.R.S. § 12–543. The action is clearly not barred.

Laches, pursuant to the above reasoning, has also not been shown.

Defendant next claims the Statute of Frauds, 14 A.R.S. § 44–101, has not been complied with as the oral promise by defendant to pay, assuming it was promised, was a promise to pay for the debt of another. There is no need to decide this issue, having determined restitution is available.

 Defendant lastly claims that the trial court's findings of law and fact were not supported by the evidence. When the facts are undisputed, as admitted by defendant, this court may substitute its own analysis of the record. Tovrea Land and Cattle Co. v. Linsenmeyer, 100 Ariz. 107, 412 P.2d 47 (1966). However, we find no error in the trial court's findings.

Judgment affirmed.

MOLLOY and HATHAWAY, JJ., concur.
NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.