683 P.2d 327

**Lyn O. STRATTON, dba Stratton Painting Contractor, Plaintiff/Appellant,**

v.

**INSPIRATION CONSOLIDATED COPPER CO., a Maine corporation, Defendant/Appellee.**

**No. 2 CA–CIV 4983.**

Court of Appeals of Arizona, Division 2.

May 30, 1984.

Edgar Hash, Phoenix, for plaintiff/appellant.

Lewis & Roca by John P. Frank, Marty Harper and Carole P. Clark, Phoenix, for defendant/appellee.

## OPINION

HOWARD, Judge.

This is an appeal from the granting of a motion for summary judgment against a subcontractor who filed a mechanic's lien on property owned by appellee, Inspiration Consolidated Copper Company (Inspiration). The record before the trial court on the motion for summary judgment, considered in the light most favorable to appellant, shows that Inspiration entered into a written contract with a company named Van-Dyke's Western Construction Company (Van-Dyke) to do certain industrial construction work in the course of modifying a convertor at Inspiration's copper smelter in Globe, Arizona. The relationship was that of owner on the part of Inspiration and prime contractor on the party of Van-Dyke. Van-Dyke, in turn, subcontracted certain painting work to appellant on July 24, 1981. Inspiration approved Van-Dyke's choice of subcontractor and inspected the painting work from time to time but there was no direct contractual relationship between Inspiration and appellant. While Inspiration made payment to Van-Dyke under the prime contract and certain change orders thereto relating to the painting work, Van-Dyke failed to pay appellant under its painting subcontract. Appellant then filed

a mechanic's lien and sought by its complaint to foreclose on Inspiration's property. Its complaint also alleged two other claims for relief, one based on a theory of agency and another based on the theory of unjust enrichment.

The trial court granted Inspiration's motion for summary judgment finding that appellant failed to give a preliminary twenty-day notice upon Inspiration as required by A.R.S. § 33–992.01 and dismissed appellant's complaint with prejudice.

Appellant contends the trial court erred in granting summary judgment because:

(1) He was not required to comply with the twenty-day notice required by A.R.S. § 33–992.01; (2) the trial court erred in granting summary judgment when it only found a failure of compliance with the mechanic's lien statutes, and (3) the trial court erred in granting summary judgment since he had a cause of action directly against Inspiration on the theory of unjust enrichment, agency and third-party beneficiary. We do not agree and affirm.

A.R.S. § 33–992.01(B) prior to its amendment in 1983, provided as follows:

"Except for a person under direct contract with the owner, or a contractor whose claim of lien arises out of labor for which he is licensed pursuant to Title 32, Chapter 10 who is under direct contract with the original contractor or one performing actual labor for wages, every person who furnishes labor, materials, machinery, fixtures or tools for which a lien otherwise may be claimed under this article shall, as a necessary prerequisite to the validity of any claim of lien, serve the owner or reputed owner, the original contractor or reputed contractor and the construction lender, if any, or reputed construction lender, if any, with a written preliminary twenty day notice as prescribed by this section."

■ A.R.S. § 33–992.01(C) provides that the preliminary twenty-day notice referred to in subsection B shall be given not later than twenty days after the claimant has first furnished his labor, materials, machinery, fixtures or tools to the job site. There

is no question that appellant did not give the necessary twenty-day notice in this case. He claims, however, that he falls within one of the exceptions. He does not. He did not have a direct contract with the owner. He was not a wage earner. The labor which he was performing did not arise out of labor for which he was licensed pursuant to Title 32, Chapter 10 (A.R.S. § 32–1101 et seq.) which deals with a person's providing labor and materials for work on residences. The court did not err in holding that the appellant failed to comply with the statute.

■ Appellant contends it is a third-party beneficiary under the contract between Inspiration and Van-Dyke. Since this argument was not made at the trial court level it cannot be asserted for the first time on appeal from a summary judgment. *Richter v. Dairy Queen of Southern Arizona, Inc.*, 131 Ariz. 595, 643 P.2d 508 (App. 1982); *Cote v. A.J. Bayless Markets, Inc.*, 128 Ariz. 438, 626 P.2d 602 (App.1981); *Crook v. Anderson*, 115 Ariz. 402, 565 P.2d 908 (App.1977).

■ Even assuming, arguendo, that the issue is properly before this court, appellant does not qualify as the third-party beneficiary. In order to recover under the third party beneficiary doctrine, the contract relied upon by the third party must reflect that the parties thereto intended to recognize him as a primary party in interest. *Norton v. First Federal Savings*, 128 Ariz. 176, 624 P.2d 854 (1981). Not only must a benefit be intentional and direct, but the third person must be a real promissee. *Basurto v. Utah Construction and Mining Company*, 15 Ariz.App. 35, 485 P.2d 859 (1971). Such is not the case here and there is no basis for appellant's third-party beneficiary claim.

■ Appellant concedes he had a direct contract with Van-Dyke, the prime contractor. Because VAn-Dyke failed to make payment under the subcontract, appellant subsequently sought to recover from Inspiration under a theory of "breach of contract—unjust enrichment". Since

there was no privity of contract between appellant and Inspiration, appellant has no claim for a personal judgment sounding in breach of contract. *Keefer v. Lavender*, 74 Ariz. 24, 243 P.2d 457 (1952). Furthermore, the doctrine of unjust enrichment has no application to the owner where an explicit contract exists between the subcontractor and the prime contractor, *Advance Leasing and Crane v. Del E. Webb Corporation*, 117 Ariz. 451, 573 P.2d 525 (App. 1977).

Appellant contends that he is entitled to some form of general agency remedy pursuant to A.R.S. § 33–981(B). We do not agree. That statute provides:

> "Every contractor, sub-contractor, architect, builder or other person having charge or control of the construction, alteration or repair, either wholly or in part, of any building, structure or improvement, is the agent of the owner *for the purposes of this article*, and the owner shall be liable for the reasonable value of labor or materials furnished to his agent." (emphasis added)

■ A subcontractor or material supplier generally lacks privity with an owner and, as such, would be unable to assert any claim against the owner for labor or materials pursuant to a subcontract. Therefore, the lien statutes create the statutory agency fiction to allow the subcontractor or material supplier to pursue his remedies directly against the owner. However, A.R.S. § 33–981(B) in itself neither creates actual agency nor permits the subcontractor or material supplier to seek a personal judgment against the owner. The lien statutes do not create actual agency, but merely make the contractor a statutory agent for the sole purpose of securing the lien rights of the workman. The agency does not extend any further. *Keefer v. Lavender, supra.*

■ In this case, Van-Dyke was a general contractor, not an actual agent. Van-Dyke, acting as statutory agent for Inspiration, entered into various subcontracts, including the one at issue. This in turn gave appellant the right to file and perfect a mechanic's lien against Inspiration's property. Through its own neglect, appellant failed to do so. It did not comply with the vital requirements of the statute which are basic to lien perfection. Appellant cannot expand the limited statutory agency of the lien statutes into a broad, general agency remedy.

■ Inspiration moved for summary judgment as to all counts in the complaint. The trial court in granting the motion only particularized its reason as to the lien deficiency; however, the judgment clearly dismissed the complaint. It was not necessary for the trial court to give reasons for dismissing the other counts and its judgment includes findings by implication against the other counts.

Affirmed.

BIRDSALL, C.J., and HATHAWAY, J., concur.