735 P.2d 840

Ben LINDSEY and Jerri Lindsey, husband and wife, Plaintiffs/Appellants,

v.

Cedric DEMPSEY and June Dempsey, husband and wife; and Henry Koffler and Phyllis Koffler, husband and wife, Defendants/Appellees.

No. 2 CA–CV 5786.

Court of Appeals of Arizona, Division 2, Department A.

Jan. 27, 1987.

Review Denied March 31, 1987.

Allen, Kimerer & LaVelle by Michael J. LaVelle and Russell A. Kolsrud, Phoenix, for plaintiffs/appellants.

Jones, Skelton & Hochuli by D. Reid Garrey, Phoenix, and James L. Richmond, Tucson, for defendants/appellees.

OPINION

FERNANDEZ, Judge.

Appellants Ben and Jerri Lindsey (hereafter Lindsey) seek reversal of the summary judgment granted in favor of appellees Cedric and June Dempsey (hereafter Dempsey) and Henry and Phyllis Koffler (hereafter Koffler) in Lindsey's suit for breach of contract, fraud, intentional interference with contractual relations, and intentional infliction of emotional distress. On appeal, Lindsey complains of the judgment with regard only to the intentional interference with contract claim against Dempsey and the intentional infliction of emotional distress claim against both Dempsey and Koffler.

Ben Lindsey was hired as the head basketball coach at the University of Arizona in April 1982 and was continued through June 1983. He sued the University for breach of contract, contending he had been given an implied four-year contract as coach. That issue is not before us on this appeal but was the subject of an earlier special action in this court. *University of Arizona v. County of Pima*, 150 Ariz. 184, 722 P.2d 352 (App.1986). Lindsey also sued Cedric Dempsey, athletic director at the University, and Henry Koffler, president of the University, both in their official capacities and individually. Both moved for summary judgment, and the trial court granted both motions and directed entry of final judgment pursuant to Rule 54(b), Rules of Civil Procedure, 16 A.R.S. This appeal followed.

## INTENTIONAL INTERFERENCE WITH CONTRACT

Lindsey contends that he established a prima facie case of intentional interference with contractual relations which precluded the trial court from entering summary judgment in Dempsey's favor. Lindsey also insists that the trial court made an improper determination of fact in ruling on the motion. We disagree.

Our supreme court recently discussed the tort of intentional interference with contractual relations at some length in

*Wagenseller v. Scottsdale Memorial Hospital,* 147 Ariz. 370, 710 P.2d 1025 (1985). The elements of the tort were set forth by the court as follows:

(1) The existence of a valid contractual relationship or business expectancy;

(2) knowledge of the relationship or expectancy on the part of the interferer;

(3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and

(4) resultant damage to the party whose relationship or expectancy has been disrupted.

147 Ariz. at 386, 710 P.2d at 1041, quoting *Antwerp Diamond Exchange of America, Inc. v. Better Business Bureau of Maricopa County, Inc.,* 130 Ariz. 523, 530, 637 P.2d 733, 740 (1981). An additional and fifth element of the tort was added by the *Wagenseller* court that the defendant acted improperly. Dempsey contends that he was privileged to recommend to Koffler that Lindsey not be continued in the 1983–1984 school year. The court in *Wagenseller* held that the focus in such cases is no longer on privilege; thus, the cases cited by Dempsey are inapplicable.

Dempsey argues Lindsey had no right to anything but a one-year contract; hence, there was no contract with which Dempsey could interfere. Since that issue is not before us in this appeal, we assume, for purposes of this appeal, that a valid, continuing contract existed between Lindsey and the University. Dempsey also contends Lindsey suffered no damages, since he received the benefit of his bargain under his one-year contract. Since we are reviewing a summary judgment, we assume that Lindsey has sustained damages. *Gulf Insurance Co. v. Grisham,* 126 Ariz. 123, 613 P.2d 283 (1980). For purposes of this appeal then, we assume that Lindsey has established a prima facie case with regard to the first four elements listed above.

In *Wagenseller,* there was contradictory evidence as to the defendant supervisor's motives in obtaining the plaintiff's discharge from employment. Because the plaintiff produced facts that the supervisor's attitude and behavior toward her had

changed since plaintiff had refused to participate in a "mooning" episode and because defendant denied any wrongdoing, the supreme court remanded the case for trial, finding that issues of fact existed. Relying on the Restatement (Second) of Torts § 766 (1977), the supreme court concluded,

> We find nothing inherently wrongful in 'interference' itself. If the interferer is to be held liable for committing a wrong, his liability must be based on more than the act of interference alone. Thus, there is ordinarily no liability absent a showing that defendant's actions were improper as to motive or means.

147 Ariz. at 388, 710 P.2d at 1043.

In this case, Lindsey has produced no evidence of any improper motive or action by Dempsey. Lindsey contends that Dempsey was motivated by a desire to use Lindsey as a temporary coach while Dempsey sought to hire a "big-name" coach and that his actions were taken in furtherance of that improper motive. Lindsey's argument, however, is unsupported by any evidence in the record.

The evidence produced by Lindsey below with regard to Dempsey was that Dempsey became athletic director a few months after Lindsey was hired as coach, that during the course of the basketball season Dempsey met several times with Lindsey to discuss problems in the program, that Dempsey met once with the players at their request to discuss their problems with Lindsey, and that Dempsey recommended to Koffler that Lindsey not be continued in the 1983–1984 school year. Dempsey also testified in his deposition that he discussed Lindsey's personal problems with Koffler and with the assistant athletic director and that he listened to reports about Lindsey from other persons.

■ This case is not like that of *Wagenseller*. Nor is it similar to *Zappa v. Seiver*, 706 P.2d 440 (Colo.App.1985), in which the court reversed a summary judgment because fact issues as to the defendant's motives had been raised in the affidavits of both parties. Lindsey argues that the question of improper interference with contract is one of fact and not of law, citing the Restatement (Second) of Torts § 767 comment *l* (1977) and several cases, only one of which involved an appeal from a summary judgment. Although ordinarily the question is one of fact, the issue may be decided as a matter of law where, as in this case, no evidence of any improper motive or action has been cited to us from the record.

■ Contrary to Lindsey's assertions, the trial court did not make a finding of fact in ruling on the summary judgment motion. What he found was that "[t]here is no evidence presented to this Court which gives rise to a genuine issue of material fact that the interference by Dempsey was improper or anything more than his duty as athletic director." We agree that Lindsey has failed to show that there was anything improper in Dempsey's conduct and his recommendation that Lindsey be fired. Lindsey has not cited us to anything in the record which indicates Dempsey acted other than in his capacity as Lindsey's supervisor and as athletic director responsible for, among other things, the success of the University's basketball program. We agree that no genuine fact issue was raised as to the cause of action for intentional interference with contract.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Lindsey complains that the trial court erred in granting Dempsey's motion for summary judgment on the cause of action for intentional infliction of emotional distress. He contends that the evidence produced in response to the motion shows extreme or outrageous conduct on the part of Dempsey. We disagree.

■ The elements of that tort are reckless or intentional conduct, extreme and outrageous conduct, a causal connection between the conduct and the emotional distress, and emotional distress which is severe. *Midas Muffler Shop v. Ellison*, 133 Ariz. 194, 650 P.2d 496 (App.1982).

■ When a cause of action for intentional infliction of emotional distress has

been alleged, the court determines "whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery, or whether it is necessarily so." Restatement (Second) of Torts § 46 comment h at 77 (1965). A case-by-case analysis applies in this area of tort law. See *Cluff v. Farmers Insurance Exchange*, 10 Ariz.App. 560, 460 P.2d 666 (1969). There are several cases in which the courts have determined, as a matter of law, that the conduct complained of was not so extreme or outrageous as to require submission of the issue to a jury, *Patton v. First Federal Savings & Loan Association of Phoenix*, 118 Ariz. 473, 578 P.2d 152 (1978); *Helfond v. Stamper*, 149 Ariz. 9, 716 P.2d 70 (App.1986); *Cluff v. Farmers Insurance Exchange*, supra, or in which the courts determined that the issue had been submitted to the jury erroneously, *Midas Muffler Shop v. Ellison*, supra; *Venerias v. Johnson*, 127 Ariz. 496, 622 P.2d 55 (App.1980).

Lindsey contends that the evidence shows Dempsey used Lindsey "as a tool" until Dempsey could raise a sufficient financial package to enable him to hire a "big-name" coach. Lindsey also contends that the evidence shows Dempsey knew he could ruin Lindsey's coaching career by firing him and that such conduct by a state official is outrageous. Contrary to Lindsey's contentions, however, we find no such evidence in the record. Dempsey's deposition testimony indicated that the decision with regard to continuing Lindsey was made prior to the search for a new coach. There is no evidence whatsoever as to any intent by Dempsey to ruin Lindsey's career.

Lindsey argues that *Trimble v. City and County of Denver*, 697 P.2d 716 (Colo. 1985), requires submission of the issue to the jury. That case, however, did not involve a cause of action for intentional infliction of emotional distress and therefore is inapposite.

■ In reviewing a summary judgment motion, we must view the evidence most favorably to the party opposing the motion and "we must give that party the benefit of all favorable inferences that may be *reasonably* drawn from the evidence." *State ex rel. Corbin v. Challenge, Inc.*, 151 Ariz. 20, 24, 725 P.2d 727, 731 (App.1986) (emphasis added). We do not find that the inferences Lindsey would have us draw can be reasonably drawn from the evidence produced in this case. Nothing in the record gives the slightest hint of any concerted action by Dempsey to use Lindsey as a pawn or to ruin his coaching career. Nor do we find anything in the record which constitutes sufficient outrageous conduct to warrant submission of the issue to the jury. Nothing in this case compares in any way with the conduct complained of in *Lucchesi v. Frederic N. Stimmell, M.D., Ltd.*, 149 Ariz. 76, 716 P.2d 1013 (1986), which the supreme court held was sufficient conduct to withstand a motion for summary judgment. We find no error in the trial court's granting of summary judgment as to the intentional infliction of emotional distress claim.

## DENIAL OF DISCOVERY ORDER

Lindsey also complains because the trial court denied his motion to compel Dempsey and another defendant, Warren Rustand, to answer deposition questions, contending that the discovery sought is relevant to his lawsuit. The depositions were taken October 14 and 15, 1985, and Dempsey's motion for summary judgment was filed October 18. The motion was granted December 17, and a judgment was entered December 24. After objection to the Rule 54(b), Rules of Civil Procedure, 16 A.R.S., language was made, the court vacated the judgment. Subsequently, Lindsey filed his motion to compel discovery, indicating that the discovery sought was relevant to the summary judgment against Dempsey. He also filed a motion for new trial or, in the alternative, to amend the judgment by deleting the Rule 54(b) language.

On February 11, 1986, a hearing was held on several pending motions. The motion for new trial or to amend the judgment was denied, and the court ordered Rule 54(b) language to be included in the judgment. The new judgment was entered on

March 14, 1986. The motion to compel discovery was taken under advisement on February 11, and the following notation appears in the minute entry: "Pursuant to stipulation of counsel, the Court will conduct an in camera questioning of Dr. Dempsey and Defendant Rustand with respect to the questions to be propounded by the Plaintiff." After some delays the questioning took place, and the court ordered the transcripts sealed. The motion to compel was denied April 21, 1986, the court finding that the material sought was not relevant.

 Since the ruling of which Lindsey complains occurred after the entry of judgment and the filing of the notice of appeal, we do not have jurisdiction to address it. However, even if we did, we note that Lindsey has failed to supply us with the transcripts of the in camera questioning, and we would thus be required to presume that the trial court's ruling was correct. *Rancho Pescado, Inc. v. Northwestern Mutual Life Insurance Co.*, 140 Ariz. 174, 680 P.2d 1235 (App.1984); *Schuldes v. National Surety Corp.*, 27 Ariz.App. 611, 557 P.2d 543 (1976).

### KOFFLER'S BREACH OF DUTY OF GOOD FAITH

 Lindsey contends that it was error for the trial court to grant Koffler's summary judgment motion, arguing that the facts showed Koffler was aware of the University's obligations towards Lindsey. He argues that those facts preclude summary judgment on his second claim for relief "based upon fraud and the breach of Koffler's duty of good faith." His second claim for relief, however, alleges only fraud and is based only upon alleged misrepresentations by Dempsey. There is no mention whatsoever of Koffler in the second cause of action in the complaint. In addition, Lindsey never raised any issue below with regard to a breach of the duty of good faith and fair dealing by Koffler. A party appealing from a summary judgment may not raise an issue on appeal that was not raised in the court below. *Stratton v. Inspiration Consolidated Copper Co.*, 140 Ariz. 528, 683 P.2d 327 (App.1984); *Richter v. Dairy Queen of Southern Arizona, Inc.*, 131 Ariz. 595, 643 P.2d 508 (App.1982).

The judgments in favor of Dempsey and Koffler are affirmed.

HATHAWAY, C.J., and LACAGNINA, J., concur.