772 P.2d 578

**FLOORING SYSTEMS, INC., an Arizona corporation, Plaintiff/Appellant,**

**v.**

**RADISSON GROUP, INC., a foreign corporation; CSA, Inc., a foreign corporation, Defendants/Appellees.**

**No. CV-88-0249-PR.**

Supreme Court of Arizona, En Banc.

April 6, 1989.

---

Tower, Byrne & Beaugureau, P.C. by David L. Beaugureau, Amy Schwartz, Phoenix, for plaintiff/appellant Flooring Systems, Inc.

Snell & Wilmer by James J. Sienicki, David W. Counce, Phoenix, for defendants/appellees Radisson Group, Inc. and CSA, Inc.

Strong and Pugh, P.A. by Thomas F. Tobin, Phoenix, for amicus curiae Brown Wholesale Elec. Co.

## OPINION

CORCORAN, Justice.

Plaintiff Flooring Systems, Inc. appeals from summary judgment entered in favor of defendants Radisson Group, Inc. and CSA, Inc. We granted review to consider whether summary judgment was properly granted on Flooring's unjust enrichment claim. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and A.R.S. § 12–120.24.

### Facts

In July 1985, CSA, as Radisson's agent, invited Flooring to bid on carpeting work for the Scottsdale Radisson Resort. Flooring submitted a bid, which CSA accepted in August 1985.

In October 1985, Radisson chose Five Star Services, Inc. as the general contractor for the renovations and an agreement was executed. Five Star then entered into a subcontract agreement with Flooring for the same carpeting work included in Flooring's bid that CSA accepted. Neither Radisson nor CSA was a party to this subcontract agreement. During renovation, Flooring submitted all payment requests to Five Star, not Radisson.

Although Flooring completed its work, Five Star failed to pay Flooring the full amount due under the subcontract. Because of Five Star's default, Radisson withheld approximately $25,000 due under its general contract with Five Star. Section 6.2 of Radisson's general contract with Five Star permitted Radisson to withhold final payment until Five Star satisfied "all known indebtedness" connected with the work.

Flooring sued Radisson, CSA and Five Star to recover the amount due. Five Star later filed for bankruptcy and was dismissed as a party.

### Procedure and Issue

In its complaint, Flooring alleged breach of contract and unjust enrichment. Radisson and CSA moved for summary judgment, arguing that, even if a contract existed between CSA and Flooring, the subsequent contract entered into by Flooring and Five Star worked a novation and barred any recovery by Flooring from Radisson or CSA. Radisson and CSA also argued that the existence of a subcontract agreement between Five Star and Flooring precluded any recovery from Radisson and CSA un-

der an unjust enrichment theory. The trial court granted summary judgment against Flooring. The court of appeals affirmed, relying on "common practice in the construction industry" to support its decision that a novation had occurred. *Flooring Systems, Inc. v. Radisson Group, Inc.*, 158 Ariz. 111, 112–13, 761 P.2d 733, 734–35 (App.1988).

In its petition for review, Flooring argued that the court of appeals erred by (1) finding that a novation had occurred, (2) relying on the "common practice in the construction industry" although the record contained no evidence of such, and (3) rejecting Flooring's unjust enrichment claim. We granted review on issue 3 only.

### Discussion

Flooring contends that it is entitled to recover on its unjust enrichment claim because it has sold and installed $59,000 worth of carpet, and Radisson has paid no one for at least $25,000 of it. In response, Radisson and CSA rely on *Stratton v. Inspiration Consol. Copper Co.*, 140 Ariz. 528, 683 P.2d 327 (App.1984), and *Advance Leasing & Crane Co. v. Del E. Webb Corp.*, 117 Ariz. 451, 573 P.2d 525 (App. 1977).

In *Stratton*, the defendant hired a general contractor to do remodeling. The general contractor subcontracted the painting work to the plaintiff. Defendant approved the general contractor's hiring of plaintiff and inspected the work from time to time, but no contract existed between defendant and plaintiff. Defendant fully paid the general contractor pursuant to the contract and later change orders, but the general contractor did not pay plaintiff. Attempting to recover from defendant, plaintiff filed a mechanic's lien and sued to foreclose on defendant's property. The complaint also alleged unjust enrichment.

The trial court granted summary judgment in defendant's favor. The court of appeals affirmed, stating that "the doctrine of unjust enrichment has no application to the owner where an explicit contract exists between the subcontractor and the prime contractor." 140 Ariz. at 531, 683 P.2d at 330.

The *Stratton* court relied on *Advance Leasing*, in which the court of appeals also held that a contract between a general contractor and a subcontractor precluded recovery by the subcontractor against the owner. 117 Ariz. at 452, 573 P.2d at 526. In so holding, the court indicated its agreement with *Restatement of Restitution* § 110 (1937), which states:

**§ 110 Restitution from Beneficiary of a Contract with Third Person Who Has Failed to Perform.**

A person who has conferred a benefit upon another as the performance of a contract with a third person is not entitled to restitution from the other merely because of the failure of performance by the third person.

The facts in *Advance Leasing* were similar to those in *Stratton:* no contract existed between the owner and the subcontractor and, although the owner fully paid the general contractor, the general contractor failed to pay the subcontractor.

In support of its position, Flooring relies on *Commercial Cornice & Millwork, Inc. v. Camel Constr. Serv. Corp.*, 154 Ariz. 34, 739 P.2d 1351 (App.1987), and *Costanzo v. Stewart*, 9 Ariz.App. 430, 453 P.2d 526 (1969). The plaintiff in *Commercial Cornice*, a subcontractor, alleged that the owner had agreed to pay the full amount due under the contract between plaintiff and the general contractor. In fact, the owner had paid a portion of the amount due, but neither the owner nor the general contractor paid the remainder. The trial court granted the owner's motion to dismiss for failure to state a claim because of plaintiff's contract with the general contractor.

The court of appeals held that dismissal was inappropriate, despite the existence of the contract between the subcontractor and the general contractor. The court distinguished *Stratton* and *Advance Leasing* by noting that in both cases the owner had fully paid the general contractor, and thus was not unjustly enriched.

The owner in *Costanzo* had assured the subcontractor that "the money for the job

was in escrow and that he would write a check to him and [the general contractor] when the job was finished...." 9 Ariz. App. at 431, 453 P.2d at 527. The subcontractor completed the job, but the bank did not honor the general contractor's check to him. In permitting the subcontractor to recover from the owner on an unjust enrichment claim, the court of appeals commented, "Costanzo [the owner] has paid no one anything for the work done." 9 Ariz. App. at 431, 453 P.2d at 527. Citing *Restatement of Restitution* § 40, comment d (1937),[1] the court stated:

> The trial court found, and the testimony shows, that defendant [the owner] knew plaintiff [the subcontractor] was concerned about his payment and he assured him escrow arrangements had been made. These facts establish a good case for restitution.

9 Ariz.App. at 432–33, 453 P.2d at 528–29.

Neither party cites our decision in *Murdock–Bryant Constr., Inc. v. Pearson*, 146 Ariz. 48, 703 P.2d 1197 (1985). In that case, we held that a general contractor's joint venturers were liable for benefits received from a subcontractor, even though they became joint venturers *after* the general contractor had contracted with the subcontractor. We stated that "a party may be liable to make restitution for benefits received, even though he has committed no tort and is not contractually obligated to the plaintiff." 146 Ariz. at 53, 703 P.2d at 1202. We set forth the following analysis to be used in deciding unjust enrichment claims:

> In determining whether it would be unjust to allow the retention of benefits without compensation, a court need not find that the defendant intended to compensate the plaintiff for the services rendered or that the plaintiff intended that the defendant be the party to make compensation. This is because the duty to compensate for unjust enrichment is an obligation implied by law without refer-

ence to the intention of the parties. 1 *S. Williston, Contracts* § 3A at 13 (3rd ed. 1957). What is important is that it be shown that it was not intended or expected that the services be rendered or the benefit conferred gratuitously, and that the benefit was not "conferred officiously."

146 Ariz. at 54, 703 P.2d at 1203, quoting *Pyeatte v. Pyeatte*, 135 Ariz. 346, 353, 661 P.2d 196, 203 (App.1982). We explained that the subcontractor's contract with the general contractor

> has importance in considering [the] claim for unjust enrichment because it both evidences [plaintiff's] expectation of compensation and the circumstances which make it unjust to allow [defendant] to retain the benefits.

*Id.*

■ Using the above analysis, we find that Radisson and CSA were not entitled as a matter of law to prevail on Flooring's unjust enrichment claim. Flooring clearly did not intend to provide carpeting work gratuitously or officiously; its contract with Five Star evinces its intent to be paid for its services. Although Flooring has completed its work, it has not been paid fully for its services. CSA invited Flooring to bid on the job and accepted Flooring's bid. Radisson obviously knew that Flooring had not been paid and on that basis Radisson withheld final payment from Five Star. Under these circumstances, to permit Radisson and CSA to retain the full benefit of Flooring's work at Flooring's expense may be unjust. We therefore hold that summary judgment in favor of Radisson and CSA on this issue was improper.

Radisson argues that it is merely protecting itself from having to pay an amount in excess of that contracted for, should other subcontractors on the remodeling job also seek payment, and that it will pay the approximately $25,000 retained to Five Star and/or its creditors after the court enters a

---

1. *Restatement of Restitution* § 40, comment d (1937) provides:

   [W]here a person accepts services from another, having reason to know that the other is under a belief that the recipient or a third

person has promised compensation or is otherwise under a duty to pay for them ... the recipient is liable for the reasonable value of the services irrespective of their value to him.

final, non-appealable judgment in its favor. Radisson may have a remedy through interpleader, requiring all parties with potential claims to the retained funds to bring their claims before a single court for resolution. *See* rule 22, Arizona Rules of Civil Procedure. However, Radisson may not merely retain the money, making promises of disbursement at some future time.

## CONCLUSION

We hold that summary judgment was improperly granted on Flooring's unjust enrichment claim and therefore reverse the trial court's judgment on that issue, as well as the trial court's award of attorneys' fees to Radisson and CSA. We affirm that part of the court of appeals' opinion holding that a novation occurred. We vacate that portion of the opinion that is inconsistent with this opinion, including the award of attorneys' fees to Radisson and CSA, and remand the case to the trial court for proceedings consistent with this opinion.

We deny Radisson and CSA's request for attorneys' fees.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and MOELLER, JJ., concur.