**Roya E. FOULADI, Plaintiff–Appellant,**

v.

**CITY OF TUCSON; Sylvia Campoy, wife; John Doe Campoy, husband; Elizabeth Miller, wife; John Doe Miller, husband; James Keene, husband; Jane Doe Keene, wife; Jack Redavid, husband; Jane Doe Redavid, wife, Defendants–Appellees.**

No. 03–15827.
D.C. No. CV–01–00370–ACM.

United States Court of Appeals, Ninth Circuit.

Submitted March 9, 2004.*

Decided March 23, 2004.

Donald T. Awerkamp, Raven & Awerkamp, P.C., Tucson, AZ, for Plaintiff–Appellant.

Daryl A. Audilett, Kimble, Nelson, Audilett, McDonough & Molla, PC, Tucson, AZ, for Defendants–Appellees.

Before FERNANDEZ, HAWKINS, and THOMAS, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

## MEMORANDUM**

Roya Fouladi appeals the district court's grant of summary judgment against her in her action against the City of Tucson and a number of individual employees of the City[1] for alleged retaliation, sex discrimination, and various torts. We affirm.

The long and the short of this case is that Fouladi, a probationary employee with a negative attitude[2] who lasted about three months into her probationary period, did not present sufficient facts to allow a reasonable jury to hold in her favor on any of her claims. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Ray v. Henderson*, 217 F.3d 1234, 1239–40 (9th Cir.2000); *United States ex rel. Anderson v. N. Telecom, Inc.*, 52 F.3d 810, 815 (9th Cir.1995); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir.1987).

In particular:

■ (1) Fouladi failed to show that her First Amendment rights were violated. There was insufficient evidence that her alleged speech about allegedly illegal activities was known to her supervisor when the decision to terminate Fouladi was made. *See Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 750–51 (9th Cir.2001); *Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir.2000). A similar defect inheres in her Title VII, 42 U.S.C. § 2000e, retaliation claim. *See Brown v. City of Tucson*, 336 F.3d 1181, 1186 (9th Cir.2003); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir.2002). And, of course, mere propinquity is not enough to demonstrate the connection.[3] Rather, the surrounding circumstances must also be considered.[4] At any rate, the evidence that Fouladi would have been terminated regardless of her alleged protected complaints is powerful, and there is no evidence of pretext.

By the same token, Fouladi's claim under Ariz.Rev.Stat. § 23–1501 fails. State law offers no greater protection than federal law as far as the retaliation claim is concerned. *See Galati v. Am. W. Airlines, Inc.*, 205 Ariz. 290, 69 P.3d 1011, 1013–14 (2003).

(2) Fouladi also failed to present sufficient evidence to support her claim that the city employees tortiously interfered with her probationary employment contract by terminating her. No doubt in Arizona a supervisor can sometimes be said to have interfered with an employee's contract with the employer. *See Bernstein v. Aetna Life & Cas.*, 843 F.2d 359, 366 (9th Cir.1988); *Wagenseller v. Scottsdale Mem'l Hosp.*, 147 Ariz. 370, 386–88, 710 P.2d 1025, 1041–43 (1985). Just how

---

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The employees are: Sylvia Campoy, her Supervisor; Elizabeth Miller, an Assistant City Manager; James Keene, City Manager; and Jack Redavid, the Human Resources Director. Fouladi also sued their spouses.

2. Fouladi's own personal log, which she kept in case she needed an attorney, confirms that

negativity from the very first day of her employment (or even before) better than any third party could do.

3. *See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 271–72, 121 S.Ct. 1508, 1510–11, 149 L.Ed.2d 509 (2001).

4. *See id.; Brown*, 336 F.3d at 1187; *Coszalter v. City of Salem*, 320 F.3d 968, 977–78 (9th Cir.2003); *Ulrich v. City & County of San Francisco*, 308 F.3d 968, 979–81 (9th Cir. 2002).

far that concept extends is unclear. *See* John Alan Doran, *It Takes Three to Tango: Arizona's Intentional Interference with Contract Tort and Individual Supervisor Liability in the Employment Setting,* 35 Ariz. St. L.J. 477, 483–90 (2003). Regardless, Fouladi simply has not shown that her supervisor was guilty of impropriety in terminating her. *See Lindsey v. Dempsey,* 153 Ariz. 230, 233, 735 P.2d 840, 843 (1987).

▪ (3) The evidence sinks Fouladi's due process claim also. She had no property right to her at-will probationary job. Therefore, she was not entitled to procedural due process when she was terminated. *See Portman v. County of Santa Clara,* 995 F.2d 898, 904 (9th Cir.1993); *Guy v. Mohave County,* 701 F.2d 73, 75 (9th Cir.1982). Nor had she a substantive due process claim. *See Portman,* 995 F.2d at 902 n. 1. Moreover, there is no authority for the notion that the government is precluded from interfering with an employee's employment with the government itself.

(4) Nor has Fouladi presented sufficient facts to support a conspiracy claim. *See* 42 U.S.C. §§ 1985(3), 1986; *Addisu v. Fred Meyer, Inc.,* 198 F.3d 1130, 1141 (9th Cir.2000). Her mere allegation that there must have been a conspiracy will not suffice. *See Karim–Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 626 (9th Cir. 1988).

(5) Finally, Fouladi has presented no evidence that she was treated differently because of her gender. *See* 42 U.S.C. § 2000e–2; *Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1220 (9th Cir.1998). On the contrary, if the office procedures emanated clouds of discomfort, those enveloped men as well as women.

AFFIRMED.