NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 3 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LISA M. AUBUCHON, an individual dealing with a sole and separate debt and RACHEL ALEXANDER, an individual dealing with a sole and separate debt, | No.    16-15484 |
| | D.C. No. 2:14-cv-01706-SPL |
| Plaintiffs-Appellants, | MEMORANDUM* |
| v. | |
| COUNTY OF MARICOPA; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted November 13, 2017
Pasadena, California

Before:  NGUYEN and HURWITZ, Circuit Judges, and EATON,** Judge.

Lisa Aubuchon and Rachel Alexander claim that Maricopa County is

obligated to pay costs awarded against them by the Supreme Court of Arizona in bar

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

disciplinary proceedings. *See In re Aubuchon*, 309 P.3d 886 (Ariz. 2013) (ordering disbarment); *In re Alexander*, 300 P.3d 536 (Ariz. 2013) (ordering suspension). The district court granted the County's motion for summary judgment. We affirm.

1.     The district court correctly granted summary judgment against Alexander because she did not comply with the Arizona governmental notice of claim statute, Ariz. Rev. Stat. § 12-821.01(A). *See Simon v. Maricopa Med. Ctr.*, 234 P.3d 623, 630 (Ariz. Ct. App. 2010) (requiring "strict compliance" with the statute).

2.     Aubuchon's breach of contract claims fail because she provided no evidence creating a material issue of fact as to whether her original employment contract obligated the County to cover bar costs or that there was a subsequent relevant modification of the contract.

a.     Aubuchon proffered no evidence that her original contract of employment provided for payment of costs imposed against Deputy County Attorneys in bar disciplinary proceedings. Aubuchon testified only that, years after she was hired, a supervisor told her that the County covered the costs of disciplinary proceedings. But, this legal conclusion about what Aubuchon's contract provided is not evidence that it actually did so. *See Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738–39 (9th Cir. 1979).

b.     The Trust Agreement did not require the County to pay Aubuchon's bar

2

costs. Aubuchon correctly so conceded at her deposition, because the Agreement expressly provides that the Trust does not cover costs or expenses "arising out of a disciplinary or licensure proceeding before a professional regulatory body" absent prior written approval from the Trustees.

      c.     The Trustees' decision to approve the payment of costs in two other instances, did not modify Aubuchon's employment contract. *Heimer v. Price, Kong & Co.*, No. 1 CA-CV 07-0643, 2008 WL 5413368, at *5–6 (Ariz. Ct. App. Dec. 30, 2008) (unreported) (determining that an employer was not obligated to provide an employee severance pay merely because it had done so for several others).[1]

      3.     Aubuchon's unjust enrichment claim fails because she neither provided work not required under her contract of employment nor did the County retain a benefit from her work that equity requires now be disgorged. *See Flooring Sys., Inc. v. Radisson Grp., Inc.*, 772 P.2d 578, 581 (Ariz. 1989) (citations omitted) ("[A] party may be liable to make restitution for benefits received, even though he . . . is not contractually obligated to the plaintiff" if "it be shown that it was not intended or expected that the services be rendered or the benefit conferred gratuitously . . . .").

      4.     The district court did not err in granting summary judgment on Aubuchon's 42 U.S.C. § 1983 claims. Aubuchon's First Amendment retaliation

---

[1]    Because Aubuchon's contract claims fail, so must her claim for intentional interference with a contract.

claim fails because the decision not to pay her bar costs was made before she testified about alleged corruption in the County. Her equal protection claim fails because "the class-of-one theory of equal protection does not apply in the public employment context," *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 598 (2008). And, Aubuchon's *Monell* claim fails because she has not established that the County had a policy that "amounts to deliberate indifference to [her] constitutional right." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citation omitted).

5. The district court did not consider the evidence in the County's response to Aubuchon's motion for summary judgment and therefore did not err in finding her motion to strike moot.

**AFFIRMED.**

*Aubuchon v. Cty. of Maricopa*, 16-15484

FILED

JAN 3 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EATON, Judge, concurring in part and dissenting in part:

I concur in the majority's disposition, except for those portions dealing with the evidence produced by Aubuchon to support her contract and unjust enrichment claims, from which I respectfully dissent. As to those claims, I believe that the district court erred in finding that the evidence presented did not raise triable issues of material fact, and would reverse. *See Aubuchon v. Brock*, No. 1 CA-CV 13-0451, 2015 WL 2383820 (Ariz. Ct. App. May 14, 2015); *Aubuchon v. Brock*, No. CV2011-014754 (Super. Ct. Maricopa Cty. Oct. 26, 2016).