MEMORANDUM ** Lisa Aubuchon and Rachel Alexander claim that Maricopa County is obligated to pay costs awarded against them by the Supreme Court of Arizona in bar disciplinary proceedings. See In re Aubuchon, 233 Ariz. 62, 309 P.3d 886 (2013) (ordering disbarment); In re Alexander, 232 Ariz. 1, 300 P.3d 636 (2013) (ordering suspension). The district court granted the County’s motion for summary judgment. We affirm. 1. The district court correctly granted summary judgment against Alexander because she did not comply with the Arizona governmental notice of claim statute, Ariz. Rev. Stat. § 12-821.01(A). See Simon v. Maricopa Med. Ctr., 225 Ariz. 55, 234 P.3d 623, 630 (2010) (requiring “strict compliance” with the statute). 2. Aubuchon’s breach of contract claims fail because she provided no evidence creating a material issue of fact as to whether her original employment contract obligated the County to cover bar costs or that there was a subsequent relevant modification of the contract. a.Aubuchon proffered no evidence that her original contract of employment provided for payment of costs imposed against Deputy County Attorneys in bar disciplinary proceedings. Aubuchon testified only that, years after she was hired, a supervisor told her that the County covered the costs of disciplinary proceedings. But, this legal conclusion about what Aubuchon’s contract provided is not evidence that it actually did so. See Thornhill Publ’g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 738-39 (9th Cir. 1979). b. The Trust Agreement did not require the County to pay Aubuchon’s bar costs. Aubuchon correctly so conceded at her deposition, because the Agreement expressly provides that the Trust does not cover costs or expenses “arising out of a disciplinary or licensure proceeding before a professional regulatory body” absent pri- or written approval from the Trustees. c. The Trustees’ decision to approve the payment of costs in two other instances, did not modify Aubüchon’s employment contract. Heimer v. Price, Kong & Co., No. 1 CA-CV 07-0643, 2008 WL 5413368, at *5-6 (Ariz. Ct. App. Dec. 30, 2008) (unreported) (determining that an employer was not obligated to provide an employee severance pay merely because it had done so for several others),[1] 3.Aubuchon’s unjust enrichment claim fails because she neither provided work not required under her contract of employment nor did the County retain a benefit from her work that equity requires now be disgorged. See Flooring Sys., Inc. v. Radisson Grp., Inc., 160 Ariz. 224, 772 P.2d 578, 581 (1989) (citations omitted) (“[A] party may be liable to make restitution for benefits received, even though he ... is not contractually obligated to the plaintiff’ if “it be shown that it was not intended or expected that the services be rendered or the benefit conferred gratuitously....”). 4. The district court did not err in granting summary judgment on Aubuchon’s 42 U.S.C. § 1983 claims. Aubuchon’s First Amendment retaliation claim fails because the decision not to pay her bar costs was made before she testified about alleged corruption in the County. Her equal protection claim fails because “the class-of-one theory of equal protection does not apply in the public employment context,” Engquist v. Or. Dep’t of Agric., 553 U.S. 591, 598, 128 S.Ct. 2146, 170 L.Ed.2d 975 (2008). And, Aubuchon’s Monell claim' fails because she has not established that the County had a policy that “amounts to deliberate indifference to [her] constitutional right.” Daugherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citation omitted). 5, The district court did not consider the evidence in the County’s response to Au-buchon’s motion for summary judgment and therefore did not err in finding her motion to strike moot. AFFIRMED. This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3. . Because Aubuchon’s contract claims fail, so must her claim for intentional interference with a contract.