NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MARKHAM CONTRACTING CO., INC., *Plaintiff/Appellant*,

*v.*

CAHAVA SPRINGS PHASE I, INC., et al., *Defendants/Appellees*.

No. 1 CA-CV 22-0746
FILED 01-30-2025

Appeal from the Superior Court in Maricopa County
No. CV2021-054458
The Honorable Erik Thorson, Judge

**VACATED, REVERSED, AND REMANDED**

COUNSEL

Osborn Maledon, P.A., Phoenix
By Eric M. Fraser, Thomas L. Hudson, John S. Bullock
*Co-Counsel for Plaintiff/Appellant*

Palecek & Palecek PLLC, Scottsdale
By Karen A. Palecek, James J. Palecek
*Co-Counsel for Plaintiff/Appellant*

Fennemore Craig, P.C., Phoenix
By Timothy J. Berg, J. Christopher Gooch, Tyler D. Carlton
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

---

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Anni Hill Foster joined.

---

**C A M P B E L L**, Judge:

**¶1**         This is an appeal from the denial of a motion to amend an unjust enrichment complaint and the dismissal of the case for failure to state a claim. We hold that the superior court erred because the plaintiff's proposed allegations are enough to permit it the opportunity to prove its case. We vacate the judgment of dismissal, reverse the denial of the motion to amend, and remand for further proceedings.

**BACKGROUND**[1]

**¶2**         The defendants are corporations that own real property in the Cahava Springs Revitalization District, a special purpose tax-levying public improvement district governed by A.R.S. §§ 48-6801 et seq.[2] The defendants all share the same president/director, who also serves as the District's chairman: Mark Stapp.

**¶3**         In February 2017, all of the defendants (except one, which received its property via a transfer in 2018) entered an agreement with the District for the development of infrastructure benefiting their properties, consistent with A.R.S. §§ 48-6801 and -6808. Stapp signed the agreement on the defendants' behalf. The defendants agreed that the District could retain one of the defendants—the developer—as its agent and would enter construction contracts to be funded by bonds secured by assessments on the properties, consistent with A.R.S. § 48-6812. The District arranged for around $21 million in bonds and agreed to collect annual assessments on the properties for repayment. The disclosure to the bondholders also

---

[1]         We assume the truth of all well-pleaded allegations and all reasonable inferences therefrom. *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 9 (2012).

[2]         Though individuals were also named as defendants, the plaintiff ultimately sought to eliminate the individuals as parties. Given that, we limit our discussion to the corporate defendants.

provided that additional debt could be placed on the assessed properties if there were cost overruns.

**¶4** The District, through Stapp, contracted with plaintiff Markham Contracting Co., Inc., to construct infrastructure benefiting the defendants' properties, and Markham substantially completed its work. When the District failed to fully pay Markham, the two submitted to arbitration that resulted in a multimillion-dollar judgment against the District. The District, having defaulted on the bonds and having never taken any steps to collect any assessments on the defendants' properties, did not pay the judgment.

**¶5** Markham then sued the defendants for unjust enrichment. The defendants moved to dismiss Markham's first amended complaint for, as relevant here, failure to state a claim under Arizona Rule of Civil Procedure 12(b)(6). Markham opposed the motion and sought leave to file a second amended complaint refining its allegations. The superior court denied leave to file the second amended complaint and granted dismissal on the ground that Markham failed to allege misconduct by the defendants consistent with *Wang Elec., Inc. v. Smoke Tree Resort, LLC*, 230 Ariz. 314 (App. 2012). Markham appealed.

## STANDARD OF REVIEW

**¶6** We review an order granting dismissal under Rule 12(b)(6) de novo, affirming only if the plaintiff would not, as a matter of law, be entitled to relief under any interpretation of the facts susceptible of proof. *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶¶ 7–8. (2012). We do not resolve factual disputes, but instead assess whether the proffered allegations and reasonable inferences from them are sufficient to allow the plaintiff "to attempt to prove [its] case." *Id.* at 356, 363, ¶¶ 9, 46. Dismissals are disfavored and should be upheld only when "it appears certain that the plaintiff would not be entitled to relief under any state of facts susceptible of proof." *State ex rel. Corbin v. Pickrell*, 136 Ariz. 589, 594 (1983) (citation omitted).

**¶7** Though we review the denial of a motion to amend for abuse of discretion, *Timmons v. Ross Dress for Less, Inc.*, 234 Ariz. 569, 572, ¶ 17 (App. 2014), the plaintiff must be "freely given" leave to amend "when justice requires," Ariz. R. Civ. P. 15(a)(2). A motion to amend should be denied only if, presuming all allegations are true, "the court finds specific cause, such as futility, to deny the amendment." *Timmons*, 234 Ariz. at 572–73, ¶ 17. In this case, the court found the proposed second amended

complaint futile because it failed to allege what the court believed to be a required element—misconduct. In these circumstances, we review de novo whether the proposed pleading stated a claim for unjust enrichment and should have been allowed.

## DISCUSSION

**¶8**       Unjust enrichment provides a remedy where "a party has received a benefit at another's expense and, in good conscience, the benefitted party should compensate the other." *Wang Elec.*, 230 Ariz. at 318, ¶ 10. The remedy is "not confined to any particular circumstance or set of facts," but "is, rather, a flexible, equitable remedy available whenever the court finds that 'the defendant, upon the circumstances of the case, is obliged by the ties of natural justice and equity' to make compensation for benefits received." *Murdock-Bryant Constr., Inc. v. Pearson*, 146 Ariz. 48, 53 (1985) (citation omitted). To state a claim for unjust enrichment, the plaintiff must allege a connected, unjustified enrichment and impoverishment, and the absence of a remedy provided by law. *Wang Elec.*, 230 Ariz. at 318, ¶ 10. The superior court held that under *Wang Electric*, Markham also had to show the defendants engaged in misconduct. That was error.

**¶9**       *Wang Electric* involved a commercial lease where the property owner promised to reimburse the tenant for its remodeling expenses up to a certain amount. 230 Ariz. at 316, ¶ 2. When the tenant's general contractor failed to pay subcontractors for their work at the property, the subcontractors sued the owner for unjust enrichment. *Id.* at 316–17, ¶¶ 3–6. Our supreme court held that the owner was entitled to summary judgment. *Id.* at 320–21, ¶ 17. The court recognized that generally, an owner that has not paid its general contractor for unpaid subcontractors' work may be liable to the subcontractors under an unjust enrichment theory. *Id.* at 318–19, ¶ 12. But the court found the situation of tenant improvements distinguishable, reasoning that landlords should not automatically be made insurers for tenants who contract for leasehold improvements and instead should be held liable only when they themselves engage in "some form of improper conduct." *Id.* at 319–20, ¶¶ 12, 14–15 (citation omitted). The court relied on the Restatement (First) of Restitution § 110, which provides that a person who confers a benefit upon another as performance of a contract with a third person is not entitled to restitution from the beneficiary "merely because" the third person fails to perform its part of the contract. *Id.* at ¶¶ 14–15. The court also relied on the general rule that subcontractors lacking privity of contract with an owner cannot recover a personal judgment against the owner, and on the principle that unjust enrichment should not be used to make parties liable for expenses they did not choose

to incur. *Id.* at 320, ¶ 15. The court articulated its holding narrowly to limit it to the tenant-improvement context: "[W]e hold that a contractor hired *by a tenant* to make improvements to *leasehold premises*, or subcontractors retained by that contractor, can recover unpaid monies for making *tenant improvements* from the property owner only when that owner has engaged in improper conduct." *Id.* at ¶ 17 (emphases added).

**¶10**      *Wang Electric*'s holding makes sense in its limited context. Commercial landlords hold out the property for let, and the tenants contract for improvements to the property that suit their own retail needs. The individual tenant improvements may or may not add value to the property, as the next tenant may operate another variety of business and be required to remove the previous tenant's improvements to accommodate its own venture. But where these considerations are not at play, *Wang Electric*'s holding does not apply.

**¶11**      Indeed, *Wang Electric* left intact the general rule that landowners who engage contractors to improve their land but make no payment to anyone may be liable in unjust enrichment for unpaid work. *See id.* at 318–20, ¶¶ 12, 17 (summarizing general rule and not purporting to alter it). This rule recognizes that the driving principle for recovery in unjust enrichment is whether fairness and equity require that the plaintiff receive restitution for conferring a non-gratuitous benefit—not whether the defendant engaged in tortious conduct, not whether the defendant was in contractual privity with the plaintiff, and not whether the parties intended the defendant to make a direct payment to the plaintiff. *See Flooring Sys., Inc. v. Radisson Grp., Inc.*, 160 Ariz. 224, 227 (1989); *Murdock-Bryant*, 146 Ariz. at 54; *Costanzo v. Stewart*, 9 Ariz. App. 430, 432 (1969); *see also* J.R. Kemper, *Building and Construction Contracts*, 62 A.L.R.3d 288, § 2 (1975). In accord with these principles, the Restatement (Third) of Restitution and Unjust Enrichment § 25 explains that relief is warranted so long as restitution would not subject the defendant to a forced exchange, an absence of restitution would result in the defendant retaining the benefit for free, and there was no understanding that the defendant would receive the benefit for free.

**¶12**      This case, unlike *Wang Electric*, does not involve a tenant's contract for improvements. This is instead a case in which the defendant property owners created and engaged the District to enter construction contracts for their benefit with the understanding that they would ensure the funding. We also cannot ignore that the defendants and the District were controlled by the same individual. The concerns underlying the holding of *Wang Electric* simply do not exist here. Here, the defendants

knowingly used a related agent to incur expenses that benefited their properties, while never paying any assessments to fund those improvements. The defendants were not third-party landlords sanctioning tenant improvements—they were owners who set up a non-independent revitalization district to manage their properties' development, arranged to fund self-beneficial infrastructure work via assessments, and then failed to follow through to ensure that assessments were made and collected to pay for the work. In these circumstances, in the interests of fairness and equity, Markham should be allowed to move forward and attempt to prove its case. The superior court erred by applying *Wang Electric*'s specialized tenant-improvement rule here. General unjust-enrichment principles applied. Markham was not required to allege misconduct for its unjust enrichment claim to survive Rule 12(b)(6)'s low bar.

¶**13**       Markham's proposed second amended complaint sufficiently stated a claim for unjust enrichment. The pleading alleged that Markham was impoverished and the defendants were enriched by Markham's work because it benefited the defendants' properties and was unpaid. The pleading further established that the defendants' receipt of a benefit was unjustified because they ignored their funding obligations. The pleading also alleged that Markham's only contract was with the District—a circumstance leaving Markham with no remedy at law against the defendants.[3] *See Trustmark Ins. Co. v. Bank One, Ariz., NA*, 202 Ariz. 535, 541, ¶ 32 n.5 (App. 2002) ("[A] party's right to seek unjust enrichment is not controlled by whether the party has an 'adequate' remedy at law—in the sense of providing all the relief the party desires—but by whether there is a contract which governs the relationship between the parties."); *Loiselle v. Cosas Mgmt. Grp., LLC*, 224 Ariz. 207, 211, ¶ 14 (App. 2010) (explaining that a legal remedy will bar a claim for unjust enrichment only if it is against the same defendant). All elements of unjust enrichment were sufficiently pled.

¶**14**       The superior court's orders denying amendment and dismissing the case were error. Though we express no opinion on whether

---

[3]     The unsatisfied judgment Markham obtained against the District (not the defendants) is significant only insofar as that when it comes to collection, Markham cannot take double recovery. *See Hall v. Schulte*, 172 Ariz. 279, 284 (App. 1992) ("A plaintiff is entitled to be made whole in damages, and that is all."). For similar reasons, we deny as irrelevant the defendants' motion that we take judicial notice of Markham's mandamus action seeking to compel the District to bill and collect the assessments.

Markham should ultimately succeed on its claim against the defendants, the action should be allowed to proceed past the pleading stage.

## CONCLUSION

**¶15** We vacate the judgment of dismissal, reverse the denial of the motion for leave to amend the complaint, and remand for further proceedings. We deny the parties' competing requests for attorneys' fees under A.R.S. § 12-341.01. As the prevailing party on appeal, we award Markham its costs under A.R.S. § 12-341 upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:
JR