**PANCRATZ COMPANY, INC.,
Appellant (Plaintiff),**

v.

**KLOEFKORN–BALLARD
CONSTRUCTION/DEVELOPMENT,
INC., Appellee (Defendant).**

**No. 86–20.**

Supreme Court of Wyoming.

June 20, 1986.

J. Scott Burnworth of Schwartz, Bon, McCrary & Walker, Casper, for appellant.

J. Patrick Hand of Hand, Hand & Hand, P.C., Douglas, and Kari Jo Taylor, University of Wyoming Law School Student, Laramie, for appellee.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Justice.

Appellant Pancratz Company, Inc., brought suit against appellee Kloefkorn-Ballard Construction/Development, Inc., to collect money appellant claimed appellee owed for construction work performed by appellant. Appellant's complaint was based on breach of an oral contract, and was later amended to include recovery based on quantum meruit and unjust enrichment. The only theory appellant pursues on appeal is quantum meruit.

The trial court found generally that appellant failed to prove its claims and that appellant was " * * * entitled to judgment only in the admitted amount of liability, $927.45." From this judgment appellant brings this appeal and raises one issue:

"Did the District Court err in failing to award compensation to plaintiff on the basis of quantum meruit for the materials and services rendered by the plaintiff?"

We will affirm.

Appellee was the general contractor on the construction of a gymnasium and a school building in Greybull, Wyoming. The installation of metal siding on the buildings was subcontracted to CGR Building Systems (CGR) for the agreed price of $52,000.

When CGR was unable to complete the work, appellee suggested that CGR find another contractor to complete the work.

CGR then contacted appellant, and appellant agreed to complete the work. Shortly thereafter, appellant became concerned about CGR's financial stability and contacted appellee to inform appellee of such concerns. Appellant claims appellee agreed to pay appellant directly for its work. However, testimony at trial by John Ballard, co-owner of Kloefkorn-Ballard, indicated that he told appellant: "* * * [W]e would do what we could to protect them [appellant] up to the amount that was left on CGR's contract."

Appellant completed the work and sent an invoice to appellee for payment in the amount of $23,552.98. Appellee paid $10,000 to appellant. At trial, appellee admitted that there was $10,927.54 left to be paid on CGR's contract at the time appellant agreed to finish the work. Therefore, judgment was rendered for appellant in the amount of $927.45.

■ The only issue raised by appellant is whether it was entitled to relief based upon quantum meruit for the work performed. Quantum meruit is defined as follows:

"Expression 'quantum meruit' means 'as much as he deserves' and it is an expression that describes the extent of liability on a contract implied by law. *Nardi & Co., Inc. v. Allabastro*, 20 Ill.App.3d 323, 314 N.E.2d 367, 370. An equitable doctrine, based on the concept that no one who benefits by the labor and materials of another should be unjustly enriched thereby; under those circumstances, the law implies a promise to pay a reasonable amount for the labor and materials furnished, even absent a specific contract therefor. *Swiftships, Inc. v. Burdin*, La.App., 338 So.2d 1193, 1195. * * *" Black's Law Dictionary, p. 1119 (5th ed., 1979).

The elements necessary to support a claim for relief based upon quantum meruit are:

1) Valuable services were rendered, or materials furnished,

2) to the party to be charged,

3) which services or materials were accepted, used and enjoyed by the party, and

4) under such circumstances which reasonably notified the party to be charged that the plaintiff, in rendering such services or furnishing such materials, expected to be paid by the party to be charged. Without such payment, the party would be unjustly enriched.

*Montes v. Naismith & Trevino Construction Company*, Tex.Civ.App., 459 S.W.2d 691 (1970). See also, 21 Am.Jur.2d Pleading and Practice Forms (Rev), Restitution and Implied Contracts, Forms 42–59 (1972).

The evidence indicates that appellant was hired by CGR, not appellee, to complete the work. No written document ever existed between appellant and appellee creating a contract or obligation. In a letter from appellee to CGR dated December 3, 1981, appellee stated that they would pay appellant directly and deduct the money from the amount owed under the CGR contract. The letter confirmed that appellant had been hired by CGR. Apparently appellant was aware of this letter since appellant introduced the letter into evidence at trial. It was noted at trial that appellant never wrote appellee any follow-up letters setting forth its understanding of the agreement. The only written document in the record between appellee and appellant was the invoice sent by appellant to appellee after the work was completed.

Appellant contends, however, that appellee was enriched by appellant's work because without such work the school district might have deducted from the price paid to appellee the cost of completing the work, or appellee might not have been able to complete the CGR contract within the balance remaining on the contract ($10,927.54). Appellant fails to support such contention with any evidence in the record. To the contrary is the testimony of Mr. Ballard, who stated he felt the work done by appellant could have been completed for approximately $4,500.

■ When reviewing cases on appeal we accept the evidence of the prevailing party as true, leaving out entirely the evidence presented in conflict therewith, giv-

ing every favorable inference which may fairly and reasonably be drawn from the prevailing party's evidence. *Shanor v. Engineering, Inc. of Wyoming*, Wyo., 705 P.2d 858 (1985). The trial court's findings are presumed correct, and such findings will not be disturbed on appeal unless inconsistent with the evidence, clearly erroneous or contrary to the great weight of the evidence. *M & M Welding, Inc. v. Pavlicek*, Wyo., 713 P.2d 236 (1986).

The central issue to the disposition of this case is whether appellee was unjustly enriched by the work performed by appellant. Not only must we find enrichment, but such enrichment must be unjust. *Bereman v. Bereman*, Wyo., 645 P.2d 1155 (1982); *Rocky Mountain Turbines, Inc. v. 660 Syndicate, Inc.*, Wyo., 623 P.2d 758 (1981); *McGrath v. Hilding*, 41 N.Y.2d 625, 394 N.Y.S.2d 603, 363 N.E.2d 328 (1977).

The trial court found that appellant had failed to prove its claims. We think the trial court was correct. We are also unable to find appellant's claims substantiated by the record. On the contrary, we think the record supports appellee's position that there was no unjust enrichment.

Having found no reversible error, the trial court's judgment is affirmed in all respects.

Affirmed.