Gary ZITTERKOPF, d/b/a Superior Woods Construction, Appellant (Plaintiff),

v.

Basil C. BRADBURY, Appellee (Defendant).

No. 89–126.

Supreme Court of Wyoming.

Nov. 29, 1989.

Michael D. Zwickl, Casper, for appellant.

Hugh M. Duncan, Casper, for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

CARDINE, Chief Justice.

Appellant Gary Zitterkopf, doing business as Superior Woods Construction, sued to recover $13,964.70 upon quantum meruit for remodeling the home of appellee Basil Bradbury. After a bench trial, the district court found that the $40,000 Bradbury had paid sufficiently compensated Zitterkopf for the work done. Zitterkopf frames the issues as follows:

"1. The District Court erred, and abused its discretion in failing to award compensation to the plaintiff on the basis of quantum meruit for the materials and services rendered to the Defendant from November 6, 1987 to December 7, 1987.

"A. The trial court's determination that no enforceable contract existed between the parties because there was no meeting of the minds has no effect on appellant's ability to recover under quantum meruit.

"B. A benefit was conferred upon Bradbury which results in an unjust enrichment to him.

"C. The requisite elements exist in this case to support recovery under quantum meruit.

"D. It was an abuse of discretion to deny an award under quantum meruit.

"2. The District Court erred in failing to find that the Defendant did not meet his requisite burden of proof necessary to invalidate the Plaintiff's lien.

"A. An implied contract existed upon which to base a valid, enforceable lien.

"B. Appellant complied with all statutory requirements with respect to the filing of his lien and the requisite notices before and after its filing.

"C. Bradbury did not sustain his burden of proving that the lien filed was invalid."

Bradbury responds with these assertions:

"1. The trial court correctly determined that there was never a meeting of the minds between the parties concerning the remodeling of Defendant's home.

"2. Under a quantum meruit/unjust enrichment theory, the Appellant was entitled to recover what the labor or material furnished was reasonably worth. There was no substantial evidence that the reasonable worth of the labor and materials exceeded the $40,000 already paid.

"3. The trial court's disposition of the lien was immaterial to this appeal.

"4. In any event, the lien was void because it was not verified as required by law, nor did it contain an itemized list setting forth and describing materials delivered or work performed."

We affirm.

## FACTS

Zitterkopf and Bradbury first discussed remodeling work on Bradbury's house in August of 1987. The original agreement involved work on the garage and kitchen. Work started in mid-September; and before the end of the month, Bradbury requested that Zitterkopf do additional work including building a library, office, reloading room, bathroom and shooting room. The parties never discussed cost of the work until Zitterkopf presented Bradbury with invoices for the work. As of November 17, 1987, Bradbury had paid Zitterkopf a total of $40,000. Shortly after this, Bradbury became concerned about the cost of the project. He scheduled a meeting with Zitterkopf on November 20 to discuss the matter. He cancelled the meeting, however, and suggested that Zitterkopf contact his attorney. Zitterkopf continued working until December 6. Zitterkopf, on March 7, 1988, filed a lien on Bradbury's home for

the additional amount he claimed owing for the project, plus interest.

Zitterkopf admitted the lack of agreement as to the cost of the project. Bradbury presented evidence of problems with the work done, including the collapse of the wooden deck from which Zitterkopf had removed a 4 × 4 support, the window wells falling off the garage due to drainage problems, and Zitterkopf's employees burning holes in a new carpet.

In addition, although Zitterkopf first testified that he marked up his labor charges about 15 to 17 percent, the evidence showed that he actually charged Bradbury about 100 percent more for labor than he paid his employees. Zitterkopf also charged Bradbury for his time on the project while he was charging for his time on another job done on the same day. When Bradbury requested to see invoices for materials, Zitterkopf provided Bradbury with supplier's invoices on which Zitterkopf had filled in marked-up prices and included sale tax amounts to reflect these marked-up charges.

Following the trial, the district court found no express contract between the parties because there was never a meeting of the minds. Further, the court found that the $40,000 Bradbury had already paid was the quantum meruit value of the work done by Zitterkopf.

## DISCUSSION

### 1. *Quantum Meruit*

Quantum meruit is an equitable doctrine that provides for recovery of damages on an implied contract. To be actionable a plaintiff must prove the following four elements:

(1) Valuable services were rendered, or materials furnished,

(2) to the party to be charged,

(3) which services or materials were accepted, used and enjoyed by the party, and,

(4) under such circumstances which reasonably notified the party to be charged

that the plaintiff, in rendering such services or furnishing such materials, expected to be paid by the party to be charged. Without such payment, the party would be unjustly enriched.

*Johnson v. Anderson,* 768 P.2d 18, 25 (Wyo.1989); *see also Silver Dollar Motel, Inc. v. Taylor Electric Co.,* 761 P.2d 1006 (Wyo.1988), and *Pancratz Co., Inc. v. Kloefkorn–Ballard Construction/Development, Inc.,* 720 P.2d 906 (Wyo.1986).

The relevant standard for our review of this case requires that we accept the evidence of the prevailing party as true and disregard the evidence of the unsuccessful party. *Merritt v. McIntyre and McIntyre Garden Center and Greenhouse Co.,* 613 P.2d 206, 209 fn. 4 (Wyo.1980). The trial court's findings are presumed correct. *Pancratz,* 720 P.2d at 909. The burden of proof for value of the services and materials is upon the party asserting quantum meruit. *Snearly v. Hockett,* 352 P.2d 230, 234 (Wyo.1960). Further, the party asserting the claim must show that any enrichment was unjust. *Bereman v. Bereman,* 645 P.2d 1155, 1160 (Wyo.1982).

In this case, the evidence shows that Zitterkopf provided services and materials to Bradbury and was, in turn, paid $40,000 for those services and materials. Zitterkopf based his claim on his invoices which Bradbury impeached as erroneous and inflated. Moreover, Zitterkopf's claim failed to account for the damages he caused to Bradbury's property. Quantum meruit means "as much as he deserves." *Pancratz,* 720 P.2d at 908. The trial court found "that $40,000.00 is the value of the addition and remodeling of the Bradbury home." Nothing in the record suggests that the trial court's finding was erroneous. Zitterkopf received fair, reasonable and just compensation for the materials furnished and work performed.

### 2. *Validity of the Lien*

Zitterkopf's claim that the district court erred in invalidating his lien on Brad-

bury's property need not be addressed since we do not upset the district court's finding that all obligations between the parties have been satisfied. A valid lien requires an unsatisfied debt due the lienor. See W.S. 29–1–301 to 29–1–302. No such debt exists. Thus, Zitterkopf has no right to a lien.

Affirmed.