**Mary LANDEIS; Herman Landeis; and Landeis & Associates, Inc., Appellants (Defendants),**

v.

**Leonard P. NELSON, Appellee (Plaintiff).**

No. 90–193.

Supreme Court of Wyoming.

April 9, 1991.

David E. Westling of Vlastos, Brooks & Henley, P.C., Casper, for appellants.

James H. Barrett, Cheyenne, for appellee.

Before URBIGKIT, C.J., THOMAS, GOLDEN, JJ., and ROONEY and BROWN, JJ. (Retired).

ROONEY, Justice, Retired.

In this appeal from a summary judgment entered against them, appellants [1] state the issues on appeal:

1. Appellee's motion requested summary judgment "against the defendants." In its decision letter, the trial court said in part:

"Plaintiff has also joined Landeis & Associates, Inc., as a party. There is no evidence in the record to support a judgment against the corporation. Therefore, the judgment will be entered only as to the personal defendants. Mr. Barrett is requested to prepare a judgment for the principal amount, prejudgment and post judgment interest, and costs for approval as to form by Mr. Westling."

However, the judgment recited in part:
"NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment be and the same is hereby GRANTED.

"IT IS FURTHER ORDERED that Judgment be and the same is hereby GRANTED in favor of Plaintiff and that the Plaintiff is hereby Granted Judgment *against the Defendants* in the principle amount of Thirty Thousand Dollars ($30,000.00) plus prejudgment and postjudgment interest." (Emphasis added.)

"I. Did the trial court err by granting Summary Judgment in a case in which there are genuine issues of material fact?

"II. Did the Supreme Court err by granting Summary Judgment that was unsupported by competent evidence?"

Appellee responds in argument that there was no genuine issue of a material fact and that the summary judgment was supported by competent evidence.

We affirm.

Appellants had acquired the right to sell, in Wyoming, franchise operations known as California Nails, a process and marketing strategy for the application of artificial fingernails. They sold two of the franchises to appellee: one for Cheyenne and one for Laramie. Originally, the Cheyenne franchise was for appellee and a third person, but a disagreement between the two of them resulted in appellee paying for the franchise and taking full ownership of it.

Appellants furnished documentation for the Cheyenne franchise but not for the Laramie franchise. Appellee paid appellants the full purchase price of $30,000 for the Laramie franchise, and he instituted this action to recover the $30,000, alleging (1) breach of contract by appellants through failure to deliver the documentation for the Laramie franchise, and (2) unjust enrichment through their acceptance of the $30,000 without delivery of the documentation for the Laramie franchise.

Appellants acknowledge the foregoing, including the receipt of the $30,000, but they contend on the one hand that the preparation of the documentation was ap-

pellee's responsibility,[2] and on the other hand, that documentation was unnecessary and that appellee had the right to operate in Laramie without any documentation. The fact that documentation was furnished for the Cheyenne franchise reflects the intent on the part of the parties to evidence the existence of a franchise through documentation.

Without considering the existence or nonexistence of a *specific* contract and, therefore, whether or not the terms thereof have been breached so as to present genuine issues of material fact, we note that the trial court disposed of the case on the basis of unjust enrichment on the part of appellants.[3] The reference by the court to a breach of contract is to a breach of the implied contract involved in "unjust enrichment."

 We have long recognized that an action for money had and received "is an equitable action, and no recovery can be had except upon proof that the defendant has received money of the plaintiff which, in equity and good conscience, it ought not to retain. That is the basis and foundation of the action." *Carton v. Board of County Commissioners of Uinta County,* 10 Wyo. 416, 435, 69 P. 1013 (1902). We have also recognized that an element of fraud or tortious conduct on the part of the defendant is not necessary in an action for "unjust enrichment."

"[I]f the purpose of unjust enrichment is to be served, that when a party receives, with full knowledge, materials or services to his benefit from an innocent fur-

---

The attorneys approved it as to form. The notice of appeal named all three appellants, and it was processed in all of their names. We conclude that, by their actions subsequent to the decision letter, the trial court and the parties consented to deletion of that said in the decision letter concerning the exclusion of Landeis & Associates, Inc., from the judgment.

2. The record does not contain a positive reason for this conflict over the documentation. Appellants seemingly could have avoided this lawsuit by simply supplying and executing documentation for the Laramie franchise similar to that supplied for the Cheyenne franchise. Likewise, appellee seemingly could have avoided it by

simply preparing documentation for the Laramie franchise similar to that supplied for the Cheyenne franchise and presenting it to appellants for execution.

3. The decision letter provided in part:

"There is no dispute that the parties entered into a contract for the purchase by plaintiff of a franchise from defendant at a cost of $30,000.00. Plaintiff paid the amount due. *However, he received nothing in return.* Therefore, defendants are in breach of the contract and are liable to plaintiff for the amount paid, together with interest at the legal rate from the date of payment." (Emphasis added.)

nisher of such supplies, he should be accountable therefor. The case of *Gee v. Eberle*, 279 Pa.Super. 101, 420 A.2d 1050 (1980), specifically holds that in a claim for unjust enrichment, proof of wrongdoing or wrongful intent is unnecessary. That case cites with approval the case of *Roman Mosaic and Tile Co., Inc. v. Vollrath*, 226 Pa.Super. 215, 313 A.2d 305 (1973), which sets out that to recover on a claim of unjust enrichment, it must be shown that the property was wrongfully secured or *passively received.* See also *In re Brereton's Estate*, 388 Pa. 206, 130 A.2d 453 (1957)."

*Horseshoe Estates v. 2M Company, Inc.*, 713 P.2d 776, 780 (Wyo.1986).

■ The words "unjust enrichment" concisely state the necessary elements of an equitable action to recover money, property, etc., which "good conscience" demands should be set over to the appellee by appellants pursuant to an implied contract between them.

"The basis of unjust enrichment is that one has funds belonging to another which equity and good conscience demand ought to be paid to the other. Restatement, Restitution § 1 (1937, 1962 Reprint); *Cohon v. Oscar L. Paris Company*, 17 Ill.App.2d 21, 149 N.E.2d 472 (1958)."

*Ward v. First Interstate Bank of Riverton*, 718 P.2d 886, 889 (Wyo.1986).

" 'The phrase "unjust enrichment" is used in law to characterize the result or effect of a failure to make restitution of, or for, property or benefits received under such circumstances as to give rise to a legal or equitable obligation to account therefor. It is a general principle, underlying various legal doctrines and remedies, that one person should not be permitted unjustly to enrich himself at the expense of another, but should be required to make restitution of or for property or benefits received, retained, or appropriated, where it is just and equitable that such restitution be made, and where such action involves no violation or frustration of law or opposition to pub-

lic policy, either directly or indirectly.' (Footnotes omitted.) 66 Am.Jur.2d Restitution and Implied Contracts § 3, p. 945.

"For a party to successfully assert a quasi contract claim, the showing of an enrichment will not in and of itself be sufficient. In order to invoke the remedial powers of a court of equity, the underlying circumstances, as between the two parties, must be such that the enrichment is unjust. *Rocky Mountain Turbines, Inc. v. 660 Syndicate, Inc.*, [623 P.2d 758 (Wyo.1981) ]; *McGrath v. Hilding*, 41 N.Y.2d 625, 394 N.Y.S.2d 603, 363 N.E.2d 328 (1977)."

*Bereman v. Bereman*, 645 P.2d 1155, 1160 (Wyo.1982). *See also Anderson v. Bell*, 70 Wyo. 471, 251 P.2d 572, 577 (Wyo.1952).

"Both express contracts and contracts implied in fact are based on consent. Evidently, in view of the fact that these are the contracts which are usually before the courts, it has been said that there is no contract without the consent of the parties. Clearly, however, such an observation must have been made without regard to the existence of certain legal duties which, though of a contractual nature, are not based on consent. These are sometimes spoken of as contracts implied in law, but are more properly called quasi-contracts or constructive contracts. They are contracts in the sense that they are remediable by the contractual remedy of assumpsit. In the case of such contracts, the promise is purely fictitious and is implied in order to fit the actual cause of action to the remedy. The liability exists from an implication of law that arises from the facts and circumstances independent of agreement or presumed intention. The intention of the parties in such case is entirely disregarded, while in cases of express contracts and contracts implied in fact the intention is of the essence of the transaction. As has been well said, in the case of actual contracts the agreement defines the duty, while in the case of quasi-contracts the duty defines the contract.

\* \* \* \* \* \*

"It has been said that the doctrines of 'unjust enrichment' and 'restitution'—modern terms—have largely supplanted the former designation of 'quasi-contracts.'"

66 Am.Jur.2d, *Restitution and Implied Contracts*, § 2 (1973).

In this case, appellants acknowledge the "enrichment." They state that "there is no conflict or dispute." The parties entered into a contract for the purchase of a franchise from appellants at the cost of $30,-000, which was paid by appellee. Appellants argue that the retention of the $30,-000 was not "unjust" because they were not required to do anything. They contend that it was appellee's obligation to prepare the documentation, and they inconsistently contend that documentation was unnecessary. The fact that they prepared and delivered documentation for the Cheyenne franchise discounts both of these contentions. Appellants do not suggest any other basis upon which they can retain the $30,-000 in good conscience. Its retention would be unjust.

The trial court accurately found that appellee "received nothing in return" for the payment of $30,000. Appellants were "unjustly enriched." Equity and good conscience require repayment of the $30,000 to appellee.

Affirmed.

THOMAS, Justice, concurring specially.

I agree that the summary judgment in this case must be affirmed. I see no need to invoke the doctrine of unjust enrichment or the law that supports it. In its decision letter, the district court opined:

"There is no dispute that the parties **entered into a contract** for the purchase by plaintiff of a franchise from defendant at a cost of $30,000.00. Plaintiff paid the amount due. However, he received nothing in return. Therefore, defendants are **in breach of the contract** and are liable to plaintiff for the amount paid, together with interest at the legal rate from the date of payment." (Emphasis added.)

The trial court simply decided a straightforward breach of an express contract case. The decision was correct, and it should be affirmed without any reliance upon unjust enrichment. The result of the majority opinion seems to suggest that one cannot recover damages for breach of contract, but instead must invoke a quasi-contract theory. The law justifies recovery of damages for breach of contract, and that is what the district court awarded.