2002 WY 20

Christopher BOYCE, Appellant
(Plaintiff),

v.

Teresa D. FREEMAN, d/b/a T
& R Trucking, Appellee
(Defendant).

No. 01–45.

Supreme Court of Wyoming.

Feb. 7, 2002.

Joel M. Vincent of Vincent & Vincent, Riverton, WY, Representing Appellant.

Robert Anderson of Robert O. Anderson, P.C., Riverton, WY, Representing Appellee.

Before LEHMAN, C.J., and GOLDEN, HILL, KITE, and VOIGT, JJ.

GOLDEN, Justice.

[¶ 1] Appellant Christopher Boyce (Boyce) conveyed a pickup truck to an employee of Appellee T & R Trucking. The employee told Boyce that T & R Trucking would pay for the vehicle. The employee used the truck for his personal use and also for use on the job. Boyce never received payment for the pickup truck. Boyce eventually sought payment from T & R Trucking, which refused payment claiming that the pickup truck was the personal vehicle of the employee. Boyce sued T & R Trucking claiming, among other things, that T & R Trucking was unjustly enriched through the use on the job of the pickup truck by its employee. Boyce hereby appeals from a judgment, issued after a bench trial, rejecting his claim of unjust enrichment. Finding that T & R Trucking was not unjustly enriched by the use of the pickup truck by its employee, we affirm.

## ISSUES

[¶ 2] Appellant and Appellee agree that the issues to be decided are as follows:

A. Whether the trial court's finding that a contract existed between Boyce and Kultgen is clearly erroneous.

B. Whether the trial court's finding that a contract existed between Boyce and Kultgen is against the great weight of the evidence.

C. Whether the trial court's conclusion that plaintiff's claim for unjust enrichment failed in light of the existence of a contract between Boyce and Kultgen was erroneous, and given such error, judgment in favor of Boyce for unjust enrichment should be entered.

## FACTS

[¶ 3] Teresa Freeman is the sole owner of T & R Trucking. T & R Trucking is a truck brokering business that leases owner-operated dump trucks and brokers them to contractors for work on construction projects. Boyce owned five dump trucks that he leased to T & R Trucking.

[¶ 4] Ronnie Kultgen (Kultgen) was the truck supervisor for T & R Trucking. As truck supervisor, Kultgen was the liaison between the dump trucks in the field, the contractors, and the business office. Kultgen was required to be in the field and travel between the various construction sites where the dump trucks were operating. Teresa Freeman testified that Kultgen used his personal vehicle for transportation while on the job, and the company reimbursed some of the expenses associated therewith.

[¶ 5] Kultgen and Boyce were introduced by Kultgen's sister. Boyce and Kultgen entered into several different business arrangements. Boyce paid Kultgen to help with a remodeling job at Boyce's house. Boyce also paid Kultgen to do repair work on his dump trucks. At issue in this appeal is an arrangement between Boyce and Kultgen whereby Boyce transferred ownership of two pickup trucks to Kultgen. With regard to the two pickup trucks, the trial court made the following finding of fact: "Kultgen represented to [Boyce] that T & R [Trucking] wanted to

purchase a 1989 GMC pickup from [Boyce] for a price of $2,500.00, and a 1990 Ford pickup from [Boyce] for a price of $4,500.00. Both vehicles were delivered to Kultgen. The agreement concerning the Ford was memorialized in a handwritten note signed by [Boyce] and Kultgen on behalf of T & R Trucking." The note was dated March 26, 1999.

[¶ 6] Boyce signed over the title to both vehicles, leaving the space for the new owner's name blank. Eventually, Kultgen titled both vehicles in his name. Kultgen sold the 1989 GMC to a third party. For several months, Kultgen used the 1990 Ford for his own personal use and also for use in his employment. Boyce was never paid for either vehicle by either Kultgen or T & R Trucking. Boyce contacted T & R Trucking sometime at the end of June regarding payment for the pickups. Teresa Freeman testified that this was the first time she had heard anything regarding the possibility of T & R Trucking being responsible for payment. She testified that Kultgen told her that the pickups were his personal vehicles. Because she believed the pickup trucks were Kultgen's personal property, she told Boyce that T & R Trucking would not pay for either pickup truck.

[¶ 7] Eventually, Boyce sued T & R Trucking for breach of contract with regard to both pickups and for unjust enrichment for the use of the 1990 Ford on the job. After a bench trial, the trial judge ruled against Boyce on all counts involving the pickups. The trial court specifically found that no contract existed between Boyce and T & R Trucking because no agency relationship existed between Kultgen and T & R Trucking whereby Kultgen could bind T & R Trucking for the purchase of the pickup trucks. The trial court further found that T & R Trucking did not ratify the actions of Kultgen regarding the pickup trucks. These findings have not been appealed. The trial court also denied Boyce's claim for unjust enrichment in regard to the use by Kultgen of the 1990 Ford on the job. Boyce filed this timely appeal on the issue of unjust enrichment only.

## STANDARD OF REVIEW

 [¶ 8] This appeal challenges a judgment after a bench trial. "In our review of this decision, we assume that the evidence of the prevailing party below is true and give that party every reasonable inference that can fairly and reasonably be drawn from it." *Kendrick v. Barker*, 2001 WY 2, ¶ 12, 15 P.3d 734, ¶ 12 (Wyo.2001). The trial court made specific findings of fact and conclusions of law.

When the specific findings of fact are made by the trial court on evidentiary matters, they are presumed to be correct, and an appellate court will not disturb them unless they are clearly erroneous or against the great weight of the evidence. *Whitefoot v. Hanover Ins. Co.*, Wyo., 561 P.2d 717, 720 (1977); and *Willis v. Asbury Transportation Co.*, Wyo., 386 P.2d 934, 937 (1963). The review standard recognizes that deference must be given to the opportunity of the trial court to judge the credibility of the witnesses, and that a reviewing court will not set aside the court's findings merely because it might have reached a different result. *United States v. National Ass'n of Real Estate Bds.*, 339 U.S. 485, 495–496, 70 S.Ct. 711, 94 L.Ed. 1007 (1950); and *United States v. Yellow Cab Co.*, 338 U.S. 338, 341–342, 70 S.Ct. 177, 94 L.Ed. 150 (1949). However, the presumption of correctness will be overcome if the reviewing court on the entire evidence is left with a definite and firm conviction that a finding is mistaken. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 123, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969); and *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948). *Shores v. Lindsey*, 591 P.2d 895, 899 (Wyo. 1979).

 [¶ 9] As always, questions of law are reviewed by this Court de novo. *Amoco Production Co. v. EM Nominee Partnership Co.*, 2 P.3d 534, 540 (Wyo.2000). The burden of proving the elements of unjust enrichment is on the party seeking that remedy. *Zitterkopf v. Bradbury*, 783 P.2d 1142, 1144 (Wyo. 1989) ("the party asserting the claim must show that any enrichment was unjust.")

## DISCUSSION

■ [¶ 10] Boyce is appealing from the denial of his claim for unjust enrichment. In its judgment, the trial court rejected Boyce's claim for unjust enrichment giving the following reasoning: "[u]njust enrichment is not applicable when a contract can be found. There was an agreement between [Boyce] and Kultgen. Simply because [T & R Trucking] benefited from this agreement does not give rise to an unjust enrichment claim. In this situation, an unjust enrichment claim cannot be had against a third party not a party to the agreement."

[¶ 11] On appeal, Boyce protests that there is insufficient evidence to support the trial court's finding that a "contract" existed between Boyce and Kultgen regarding the pickup truck. Based upon the language of his third issue, Boyce seems to reason that, once this one allegedly erroneous finding is reversed, "judgment in favor of Boyce for unjust enrichment should be entered." The ultimate issue, therefore, is whether or not Boyce is entitled to recover from T & R Trucking on a claim of unjust enrichment.

■ [¶ 12] Boyce bases his claim on the fact that he conveyed the pickup truck to Kultgen believing that T & R Trucking would pay for the pickup truck. While this may show that Boyce conveyed a benefit upon Kultgen and should receive payment therefore, it does not show that T & R Trucking should be responsible for that payment. The trial court specifically found that no contract was formed between T & R Trucking and Boyce and that T & R Trucking did not ratify Kultgen's actions in obtaining the pickup truck in any manner. A party who is seeking damages on the basis of unjust enrichment must prove four elements:

(1) Valuable services were rendered, or materials furnished,

(2) to the party to be charged,

(3) which services or materials were accepted, used and enjoyed by the party, and,

(4) under such circumstances which reasonably notified the party to be charged that the plaintiff, in rendering such services or furnishing such materials, expect-ed to be paid by the party to be charged. Without such payment, the party would be unjustly enriched.

*Coones v. F.D.I.C.,* 894 P.2d 613, 617 (Wyo. 1995) (citing *Zitterkopf,* 783 P.2d at 1144 (quoting *Johnson v. Anderson,* 768 P.2d 18, 25 (Wyo.1989))). *See also Bowles v. Sunrise Home Center, Inc.,* 847 P.2d 1002, 1004 (Wyo.1993).

[¶ 13] A review of the record before this Court reveals that none of the elements of a claim for unjust enrichment are met in this case. As to the first two elements, T & R Trucking did not receive anything it did not expect to receive or to which it was not already entitled. Teresa Freeman testified that she expected the company's truck supervisor to furnish personal transportation. Thus, there was no true benefit bestowed upon T & R Trucking by Boyce. Any benefit accrued solely to Kultgen. Neither element one or two is met in this case.

[¶ 14] As to element three, there was no benefit conferred upon T & R Trucking for T & R Trucking to accept. Boyce argues that Teresa Freeman knew Kultgen had acquired the pickup truck from Boyce and she knew that Kultgen was using that pickup truck on the job. Boyce presents no argument, however, and the record provides no indication that Teresa Freeman knew that this was some special benefit from Boyce to T & R Trucking.

■ [¶ 15] Element four is the heart of an unjust enrichment claim. The receipt of a benefit must be unjust as to the party to be charged. Unjust enrichment is an equitable remedy that is appropriate only when the party to be charged has received a benefit that in good conscience the party ought not retain without compensation to the party providing the benefit. "The words 'unjust enrichment' concisely state the necessary elements of an equitable action to recover money, property, etc., which 'good conscience' demands should be set over to the appellee by appellants pursuant to an implied contract between them." *Landeis v. Nelson,* 808 P.2d 216, 218 (Wyo.1991). As stated at 66 Am. Jur.2d *Restitution and Implied Contracts* § 8 (2001):

The phrase "unjust enrichment" is used in law to characterize the result or effect of a failure to make restitution of, or for, property or benefits received under such circumstances as to give rise to a legal or equitable obligation to account therefor. It is a general principle, underlying various legal doctrines and remedies, that one person should not be permitted unjustly to enrich himself at the expense of another, but should be required to make restitution of or for property or benefits received, retained, or appropriated, where it is just and equitable that such restitution be made, and where such action involves no violation or frustration of law or opposition to public policy, either directly or indirectly.

*See also Roberts v. Roberts,* 64 Wyo. 433, 196 P.2d 361 (1948), *reh. denied,* 64 Wyo. 433, 197 P.2d 697 (1948).

■ [¶ 16] There is nothing in the record reflecting that T & R Trucking had any knowledge that Boyce expected it to pay for the pickup truck. Teresa Freeman testified that she believed the pickup truck to be the personal property of Kultgen, partly based upon representations made to her by Kultgen. T & R Trucking played no role in the negotiations for the acquisition of the pickup truck nor did it induce Boyce in any way to deliver the pickup truck and its title to Kultgen or allow Kultgen to retain the pickup truck. Further, Boyce does not argue that T & R Trucking engaged in any misconduct and we find no evidence in the record that T & R Trucking engaged in any conduct towards Boyce that was improper, deceitful or misleading.[1] We see no evidence leading us to conclude that, under these circumstances, good conscience requires T & R Trucking to pay Boyce for Kultgen's use of the pickup truck.

## CONCLUSION

[¶ 17] Unjust enrichment is an equitable remedy available to prevent one party from being unjustly enriched at the expense of another party. Thus, actions on the part of both parties must be analyzed. One party must actually supply a benefit to the party to be charged with the expectation of compensation therefore. The party to be charged must accept the benefit and know that the supplying party expects compensation therefore. In this case, Boyce supplied a pickup truck to Kultgen. T & R Trucking received no direct benefit from this action, had no knowledge that Boyce expected it to provide compensation for the pickup truck, and engaged in no conduct inducing Boyce to supply the pickup to Kultgen. Simply put, the record is completely devoid of any evidence that T & R Trucking was unjustly enriched at Boyce's expense. We affirm the district court.

---

1. Affirmative misconduct by the party to be charged is not a prerequisite of a finding of unjust enrichment, but the presence of such misconduct would be indicative that any enrichment might be unjust. *Landeis,* 808 P.2d at 217 ("We have also recognized that an element of fraud or tortious conduct on the part of the defendant is not necessary in an action for 'unjust enrichment.' ")